**Thomas RUFFIN, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 17648.**

United States Court of Appeals
Eighth Circuit.

April 16, 1964.

Thomas Ruffin, pro se.

No appearance for appellee.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

Appellant seeks leave to appeal in forma pauperis from the District Court's denial of his motion to vacate sentence under 28 U.S.C.A. § 2255. To terminate the attack upon his conviction and to clear the records thereof, the motion for leave to appeal in forma pauperis filed in the District Court, which sets out the nature and date of the order involved and appellant's desire to appeal therefrom, will be recognized and given effect as a notice of appeal; the appeal will be permitted to be docketed without payment of fee; leave to proceed further in forma pauperis will be denied; and the appeal will be dismissed as frivolous.

The grounds alleged in the motion were (1) that appellant did not waive indictment by a grand jury and consent to be prosecuted by information, and hence his trial and conviction were void; and (2) that he was without effective assistance of counsel, in that his counsel fraudulently conspired to have him prosecuted by information instead of by indictment. A newspaper clipping is at-

tached to his motion indicating that his counsel has since been disbarred, which fact appellant apparently regards as corroborative of his charge that his counsel was guilty of improper legal representation.

Appellant was prosecuted by information and convicted on a jury trial of unlawful concealment and unlawful transportation of narcotics. He was represented by employed counsel, both on his trial and on his appeal. On the appeal, we reversed the conviction for unlawful transportation and ordered dismissal of the charge but we affirmed the conviction for unlawful concealment. Ruffin v. United States, 8 Cir., 312 F.2d 232 (1963).

The records of the District Court show that, a week after appellant had waived hearing before the United States Commissioner on the complaint filed against him by a federal narcotics agent, he and another defendant appeared with their employed counsel in open court before Judge Weber; that the Assistant United States Attorney addressed the Court, stating that "The matter is here for possible waiver of presentation to the grand jury"; that the Court inquired "What is the defendants' pleasure?"; that counsel replied, on behalf and in the presence of the defendants, that each of them consented "to be proceeded against by information"; that the Assistant United States Attorney made request that "the record show that each of these defendants, Thomas Ruffin and Fred Sykes, upon advice of counsel and in open court, waives presentation to the grand jury"; and that appellant thereafter executed a paper declaring that he, "being advised of the nature of the charge and of his rights, hereby waives in open court prosecution by indictment and consents that the proceedings may be by information instead of by indictment". The record further shows that appellant was arraigned upon the information and pleaded not guilty to the charges therein. Also it shows that he proceeded to trial upon the information without objection, and that he made no protest during the course of the proceedings, with the references occurring therein and in the instructions to the information and its charges.

■ On these record facts and circumstances, the Court was entitled to hold that there was no room for appellant credibly to assert that he did not know that he was waiving presentation of the matter to a grand jury for indictment, and that the charges against him were being made and tried upon an information. His motion baldly states that he "claims he did not waive grand jury indictment and consent to be prosecuted by information as the records proclaim". He does not, nor could he on the open-court proceedings involved, deny that he executed the waiver and consent. He makes no explanation of why he thus signed. He alleges nothing that could afford any rational basis of possibility for him to fail to understand the statement of the Assistant United States Attorney that the appearance before the Court was being made "for possible waiver of presentation to the grand jury"; any rational basis of possibility for him to fail to understand the statement of his counsel that he was consenting "to be proceeded against by information"; any rational basis of possibility for him to fail to understand the request of the Assistant United States Attorney that the record be made to show that he was waiving presentation to the grand jury; any rational basis of possibility for him to fail to understand on his arraignment that he was being proceeded against by information; or any rational basis of possibility for him to fail to understand, during the course of and on the references in the trial, that an information instead of an indictment was involved in the proceedings.

■ Unless appellant was utterly lacking in ordinary intelligence—a condition which he does not claim, and one which would hardly have escaped notice by the Court—the naked assertion made in his motion was legally without substance calling upon the Court to grant

a hearing, as against the force of the facts and circumstances shown by the record. Equally, on the open-court proceedings had and appellant's chargeability with knowledge, consent and waiver therefrom, is there no basis to charge fraud or improper and prejudicial representation in relation to these events. Nor is any legal shadow cast upon appellant's conviction by the abstract fact that his employed legal counsel may since have been disbarred.

Appeal docketed and dismissed.