Irvin B. **BARTLETT**, Appellant,

v.

**UNITED STATES of America**, Appellee.

No. 18019.

United States Court of Appeals
Eighth Circuit.

Jan. 5, 1966.

Irvin Berless Bartlett, pro se.

Richard D. FitzGibbon, Jr., U. S. Atty., and John A. Newton, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before MATTHES and GIBSON, Circuit Judges, and LARSON, District Judge.

GIBSON, Circuit Judge.

Appellant, Irvin B. Bartlett, appeals from an Order overruling his Motion to Vacate and Set Aside Sentence filed pursuant to Title 28, U.S.C.A. § 2255. The Motion was based on the refusal of the trial judge to allow appellant to withdraw his waiver of indictment and the contention that his plea of guilty was not made voluntarily with understanding of the nature of the charges against him.

The files and records of the case show that appellant appeared with counsel of his own choosing before the District Court on May 6, 1955 for possible waiver of indictment. A signed waiver of indictment was executed by appellant in open court and witnessed by his counsel. At the same proceeding appellant through counsel entered a plea of guilty to four counts of an information, which resulted in a total sentence of twelve years on the following separate charges: three years each on three counts of sale of heroin apparently in violation of § 2554(a) of the Internal Revenue Code (Title 26, U.S.C.A. § 4705 (a) and three years for possession of marijuana in violation of Title 26, U.S.C. A. § 4744(a). The proposed information clearly sets forth the four separate counts, and appellant admits receiving a copy of the proposed information before entering the court room but contends that he did not read it. This contention is refuted by a Deputy United States Marshal, who advised the Court that he gave appellant a copy of the proposed information and that appellant sat down and purported to read it. After filing the waiver and information, appellant by counsel waived the reading of the information. At that time the trial judge stated that appellant waives formal arraignment, reading of the information and enters a plea of guilty to counts 1, 2, 3, and 4 of the information. Whereupon the Government presented its statement of facts to the Court. Appellant's counsel then made a plea in mitigation on the ground of health. The Court again enumerated the three counts dealing with selling heroin, whereupon, Mr. Lawson, appellant's then counsel, replied: "I understood it was just one," but did not pursue the matter further.

Thereafter on May 13, 1955, the appellant again came before the Court asking the Court to set aside the sentences on the plea that he thought there was only one narcotics charge against him consisting of the offense of possessing marijuana. It appears from the record that appellant's mother interceded with the Court after the first sentences were imposed, emotionally insisting that appellant was charged with something that he did not do. The trial judge set the pleas of guilty aside stating that "If you want that set aside, I am going to set it aside for you and you can get your own lawyer, and we will set it down and try it. * * * I don't think either of you [referring to appellant and his counsel Lawson] are telling the truth, but if you want a trial, I am going to give you one." The appellant responded "Yes, sir, I would like to have it set aside, your Honor, I intended to plead guilty of possession of marijuana."[1] The Court then

1. Record, page 6.

reminded him that he had plead guilty to four counts and that a witness had watched the appellant read the information, indicating that the Court did not believe the allegations made about not knowing what was contained in the information.

The pleas of guilty were set aside and the matter continued so that appellant might obtain other counsel. Appellant next appeared in court on May 20, 1955, together with new counsel of his own choosing, Mr. Grant, who requested permission of the Court to withdraw appellant's waiver to be prosecuted by information. This the Court refused to do. Thereupon a plea of not guilty was entered to all four counts. Three pre-trial motions were filed, heard and denied.

Prior to the trial defendant entered a guilty plea to count four of the information charging possession of marijuana, the validity of which appellant is not questioning. Trial was commenced before a jury on June 13, 1955, on the three heroin counts. After the Government had adduced the testimony of two witnesses, a chemical analyst and a narcotics agent, appellant on advice of his second counsel pleaded guilty to counts 1 and 2 of the information, count 3 being stricken by leave of Court. Thereupon a total sentence of 13 years was imposed upon appellant consisting of consecutive sentences of five years each on the two heroin charges (counts 1 and 2) and three years on the marijuana charge (count 4).

On March 22, 1965, almost ten years later, appellant filed his motion to vacate and set aside his sentence on the grounds (1) that a waiver of indictment signed in ignorance of its contents is null and void and the Court was therefore without jurisdiction to proceed with the second trial; and (2) that the trial court did not comply with the requirements of Rule 11, Fed.R.Crim.P. before accepting his pleas of guilty. This motion was overruled on April 7, 1965, without a hearing. Appeal was duly taken to this Court.

■ Since appellant's motion was overruled without a hearing we must decide if the files and records of the case conclusively show that the appellant is entitled to no relief. Title 28, U.S.C.A. § 2255.

■ The law is well settled that under Rule 7(b), Fed.R.Crim.P. the defendant "[M]ay be prosecuted by information if the defendant, after he has been advised of the nature of the charge and of his rights, waives in open court prosecution by indictment." United States v. Jones, 177 F.2d 476 (7 Cir. 1949) in considering the issue of whether a defendant understandingly and intelligently waived his right to be indicted by a grand jury observed that this right is one guaranteed by the Constitution, Amendment Five, but an intelligent accused may waive any constitutional right that is in the nature of a privilege to him, or is for his personal protection or benefit.

■ There is no particular ritual that the trial court must follow in accepting a waiver of indictment, but the Court must be satisfied that the waiver was knowingly, voluntarily, and understandingly made, which would include information being supplied from any reliable source respecting the nature of the charges against him, his rights and the possible penalties applicable to the charges made.

■ Appellant contends that the waiver of indictment is null and void, leaving the Court without jurisdiction to try him on the information. He reasons that the District Court when it set aside the first plea of guilty allegedly made in ignorance of the charges, erred when it refused to set aside the waiver of indictment made with allegedly equal ignorance. Appellant is attempting to indulge in the presumption that his first plea of guilty to four counts of the information was vacated and set aside solely because he was under the misapprehension that there was only one offense involved, namely, possessing marijuana, and that the same presumption would be operative on his request to set aside the waiver of indictment; one could not be granted without granting the other.

This argument, though logical in appearance, cannot stand because it is pa-

tently clear that appellant's major premise is false. Contrary to appellant's assertion, the records clearly indicate that the Court set aside the plea of guilty because it was willing to accord appellant a jury trial and not because it believed appellant was under a misapprehension as to the number of offenses involved. The major premise of his argument being false, appellant's carefully constructed syllogistic structure must collapse.

■■ A trial court may set aside a plea of guilty that is otherwise perfectly valid. Likewise, the Court may feel it necessary to set aside a valid waiver of indictment. Whether or not the Court will act in this area is a matter that is addressed to the sound discretion of the Court and will not be set aside or disregarded on appeal unless clearly erroneous, with the burden of proof resting on appellant. Friedman v. United States, 200 F.2d 690 (8 Cir. 1952) Cert. denied 1953, 345 U.S. 926, 73 S.Ct. 784, 97 L.Ed. 1357; Rehearing denied 1953, 345 U.S. 961, 73 S.Ct. 937, 97 L.Ed. 1381. Moreover, just because the Court may be moved to exercise its discretion in one area it does not follow that it must exercise it the same way or in the same vein in other areas. For it is clear that in determining a motion for vacation of sentence and a motion to withdraw waiver of indictment, the Court will necessarily make reference to different factors. The considerations which influence the Court in granting a withdrawal of a guilty plea may differ markedly, in weight and kind, from those given to a request to set aside a waiver of indictment. To illustrate, a trial by jury is perhaps the most basic of rights afforded an accused. Courts are, therefore, meticulous in seeing that this right is protected. It is our experience that trial courts are somewhat liberal, and rightfully so, in the exercise of their discretion allowing accused persons to withdraw their pleas of guilty in order that the question of guilt might be decided after a trial before a jury. On the other hand the right to a grand jury indictment, although constitutionally guaranteed, is recognized as not nearly so fundamental to a fair determination of a defendant's guilt.

We are not attempting to gradate constitutional guarantees. A right of indictment, though it may be extremely valuable in protecting individuals from arbitrary and overzealous prosecutions in cases lacking probable cause, only serves the purpose of presenting a formal criminal charge.

An information serves the same purpose as a grand jury indictment in initiating a formal criminal charge, which results in the accused being placed in the position where he must stand trial on the charges made. Both indictments and informations are formulated and presented on an *ex parte* basis, are not adversary in nature, and are only procedural steps in the criminal process. On a complaint, the commissioner must first find probable cause before binding over the accused for an arraignment or presentment to a grand jury. The accused then is in the position of either demanding that the matter be presented to a grand jury for consideration or else consent to proceeding by information. The plea of guilty to the charges made in the information filed in this case admits the offenses, which admission is clear evidence of the existence of probable cause for the Court to believe the accused committed the offenses charged, indicating to the Court that a refusal to set aside the waiver could in no way prejudice appellant.

■ In addition, it is common knowledge that most cases are now prosecuted by way of information. Where the accused demands the presentment of the charge to the grand jury it usually results in the accused staying in jail while awaiting grand jury action, sometimes for as long as several months. The considerations impelling an accused to waive a grand jury presentation and consent to proceed by information are, therefore, quite different than those present in making a plea of guilty, because both the innocent and the guilty are entitled to, and are usually desirous of, a speedy public trial, as guaranteed by the constitution, instead of passing time in jail,

after a complaint has been filed, awaiting the institution of formal charges.

A Court, therefore, in the exercise of its discretion might be more constrained to set aside a plea of guilty than to allow a defendant to withdraw a valid waiver of indictment. A judge might decide to vacate a guilty plea on the basis of a very slight doubt as to defendant's actual guilt or on no basis at all, except that if a person desires a jury trial he shall have one. In this case, the impassioned pleas of the mother might well be the motivating factor in granting the request for a jury trial. This, however, would not warrant setting aside a valid waiver of indictment, for, as stated above, even an innocent defendant may desire to by-pass the grand jury procedure and obtain a speedy adjudication of the issue.

Because of these and other considerations, the Court could well accord appellant a jury trial without crediting him with proper reasons or basis for such a request and still refuse to set aside the waiver of indictment. We feel that the record clearly demonstrates that to be the situation in this case. The trial court conclusively indicated that it did not believe appellant or his attorney when they argued that they were unaware of the charges in the information and the consequences of the guilty plea. The Court said, "I don't think either of you are telling the truth, but if you want a trial, I am going to give you one." This, we feel, illustrates the trial court's liberality in allowing withdrawal of pleas and conclusively demonstrates that factors other than appellant's alleged lack of understanding motivated the Court's action in setting aside the guilty plea. Appellant, therefore, has no logical basis to demand that the vacation of the guilty plea requires that the waiver of indictment be set aside.

█ Furthermore, we find from the files and records developed at the hearing on arraignment and pre-trial motions that the waiver of indictment was knowingly and intelligently made and the Court did not abuse its discretion in refusing to set it aside. The record dis-

closes that appellant received a copy of the proposed information which clearly contained four counts, and at least purported to read it. The Court advised him there were four counts in the information, three dealing with the sale of heroin and one with possession of marijuana. During all this time, appellant was represented by counsel of his own choosing. No statement was made by appellant countering the assertion of four offenses after the Court enumerated them and the Government presented the factual situation to the Court. Defendant's counsel did remark that he thought there was only one offense but he did not take issue with the Court's enumeration or the Government's elaboration of the factual circumstances. If there were any doubt as to the contents of the information, appellant or his counsel were free to allow a reading or request time to make a personal examination of it. Appellant, by counsel, however, not only failed to make further inquiry but expressly waived the reading of the information. It, therefore, appears that appellant was undeniably aware of the purpose of the waiver when he made the same in open court represented by counsel, and did not seek to withdraw the same until after dissatisfaction with the Court's imposition of sentence. At this point the Court, which is the sole evaluator of the defendant's credibility and truthfulness, was not required to credit defendant's assertion of ignorance. The weight of the evidence is against such assertion and the Court forcefully indicated that it did not believe appellant. These facts present a sufficient basis for the Court to accept the waiver of indictment and for the Court to refuse appellant's request that the waiver be set aside. The record fully supports the trial court's present refusal to vacate the sentence in this § 2255 proceeding on this ground.

The issue of invalid waiver of indictment involving a similar factual situation was considered by this Court in Ruffin v. United States, 330 F.2d 159 (8 Cir. 1964). In that case the defendant had

signed a waiver of indictment in open court containing the following language " * * * being advised of the nature of the charge and of his rights hereby waives * * * " The Court held that upon the record made in open court while represented by employed counsel, the trial court was entitled to hold there was no room for appellant to credibly assert that he did not know that he was waiving presentation of the matter to a grand jury for indictment, and that the charges against him were being made and tried upon information. That holding is equally applicable to the facts of this case.

■ As to appellant's second point, there can be no doubt that a conviction based upon a guilty plea not voluntarily, knowingly, and intelligently made is subject to collateral attack. Rule 11 of the Fed.R.Crim.P. states: "The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea was made voluntarily with understanding of the nature of the charge." Appellant contends that his second plea of guilty to the two counts of possession of heroin should be set aside because of the trial court's failure to make proper inquiry into appellant's knowledge and into the voluntariness of the plea. When appellant pleaded guilty the second time to the two heroin charges, the Court merely asked, "Is that your plea?" Ordinarily, of course, this statement by itself would not be sufficient compliance with Rule 11. The Court must determine "that the plea was made voluntarily with understanding of the nature of the charge." The decisions are uniform in broadly interpreting this provision to mean that the Court must do all it can to reasonably make certain that a plea of guilty represents the free and voluntary act of a defendant who understands the nature of the offense, the charge against him and the consequences of his plea. In considering the question of the sufficiency of the plea, the Court imposing the sentence is entitled to consider all of the information that has been presented to the defendant from whatever source, including his counsel, statements made in open court proceedings, personal knowledge of the defendant, and any other factor that would have any relationship to the plea. No particular rote or ritual need be observed by the trial court. United States v. Davis, 212 F.2d 264 (7 Cir. 1954). This is especially true when the Court through prior proceedings has become informed of sufficient facts to clearly determine that the defendant is aware of the charges and that the plea is understandingly made.

■ In the present case it appears that appellant was perfectly willing to waive indictment and plead guilty to all of the charges set forth in the information and explained to him by the Court and the Government, until he discovered what sentence would be imposed. Thereafter, by pleading ignorance, he sought to pursue another course in the hope that his sentence might be considerably lessened. Some time later after the trial was well underway it must have appeared to appellant and his counsel that their alternative course was leading them to further disaster, so they decided to enter a plea of guilty to two of the remaining heroin counts. After once asserting that he was unaware that he had plead guilty to heroin charges, appellant cannot believably be heard to say that he was still unaware of the heroin charges when he pleads guilty to two of them for the second time during a trial concerning only the issue of the sale of heroin. Appellant was represented by two knowledgeable and capable counsel, both of which advised him to plead guilty. There is no contention that he was in any way mentally deficient, illiterate, or under improper influence. Appellant had long been involved in these proceedings, being present at and going through an arraignment, a plea of guilty, a motion to set aside (original) sentence, a motion to withdraw signed waiver (of indictment), a motion for a bill of particulars, a motion to suppress evidence, a guilty plea on the marijuana charge, and a major portion of the trial on the heroin charges. The charges involved are set forth in the information which he presumably read

and were explained and made known to the appellant by the Court, by the Government, by information obtained at prior court proceedings, and, presumably, by both of his retained attorneys. Following this lengthy association with defendant through the enumerated judicial proceedings, the Court was possessed of sufficient information to accept appellant's plea without a lengthy and perhaps meaningless colloquy. The Court was undoubtedly aware of sufficient facts to determine that "the plea was made voluntarily with understanding of the nature of the charge."

Accordingly, the Order of the District Court overruling appellant's Motion to Vacate and Set Aside Sentence is affirmed.

Judgment affirmed.