Carl Edward GRINDSTAFF, Appellant,

v.

John E. BENNETT, Warden, Iowa State Penitentiary, Appellee.

No. 18842.

United States Court of Appeals Eighth Circuit.

Feb. 5, 1968.

Carl E. Grindstaff, pro se.

Richard C. Turner, Atty. Gen. of Iowa, Des Moines, Iowa, and William A. Claerhout, Asst. Atty. Gen., on brief for appellee.

Before VOGEL, Chief Judge, and MEHAFFY and LAY, Circuit Judges.

PER CURIAM.

This is an appeal from a denial of a petition for a writ of habeas corpus. The sole issue for determination is whether the District Court erred in dismissing appellant's petition for a writ of habeas corpus without first holding an evidentiary hearing. In the petition, appellant contended that his plea of guilty entered in a state court was coerced. He now contends that he should be granted an evidentiary hearing in the United States District Court concerning the voluntariness of his guilty plea.

No contention is made by the State of Iowa that the appellant failed to exhaust his state remedies. We are satisfied from the record before us that such remedies have been exhausted.

Whether or not the United States District Court was obliged to hold a hearing on appellant's application must be determined from the rules set out by the Supreme Court of the United States in Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770. At page 313 of 372 U.S., at page 757 of 83 S.Ct., the Supreme Court stated:

"* * * We hold that a federal court must grant an evidentiary hearing to a habeas applicant under the following circumstances: If (1) the merits of the factual dispute were not resolved in the state hearing; * * *."

Appellant was sentenced to ten years' imprisonment following his plea of guilty of the crime of breaking and entering, in violation of § 708.8, Code of Iowa, 1962, the plea being entered on May 23, 1966. On June 24, 1966, appellant filed a petition for a writ of habeas corpus in the state court in Lee County, Iowa, which petition was denied on July 8, 1966, after an evidentiary hearing had been held. In that application, appellant did not contend that his guilty plea was coerced. No evidence was presented on that issue and accordingly the merits of any factual dispute concerning that issue were not resolved.

On August 15, 1966, again in state court of Lee County, Iowa, the appellant filed another petition for habeas corpus which did allege that the plea of guilty entered on May 23, 1966, and upon which he was sentenced, was involuntary and coerced. This petition was denied without a hearing. On September 23, 1966, appellant filed a petition for habeas corpus with the Supreme Court of Iowa which alleged that his guilty plea was involuntary and coerced and this petition was denied without a hearing by that court on October 12, 1966. On January 10, 1967, the Iowa Supreme Court entered an order affirming appellant's conviction based upon his guilty plea. See State v. Grindstaff, 147 N.W.2d 611.

On October 11, 1966, appellant filed a petition for a writ of habeas corpus with the United States District Court for the Southern District of Iowa, which petition was denied without a hearing because petitioner had at that time failed to exhaust his state remedies. His appeal to the Iowa Supreme Court from his conviction was still pending. On January 26, 1967, appellant filed another petition in the United States District Court for the Southern District of Iowa following the affirmance of his conviction by the Iowa Supreme Court. This petition urged that appellant's guilty plea was not entered freely and voluntarily. In its order of March 1, 1967, the District Court incorrectly observed that, "After filing a petition for habeas corpus in the Iowa District Court in and for Lee County, premised on basically the same contention, a hearing on the petition was conducted by the Court and the same was denied." It seems clear from the record before us that appellant was granted a

hearing only on his first petition to the Iowa state court in and for Lee County and that petition did not raise the issue of a coerced guilty plea. Appellant's second petition to the same state court did raise the issue of coercion of his plea of guilty, but no hearing was held on that issue.

It being clear from a careful review of the record that appellant has not been granted an evidentiary hearing on the issue of whether or not his plea of guilty was coerced, it is our duty under Townsend v. Sain, supra, to remand this case to the District Court with directions to hold an evidentiary hearing to resolve the factual dispute concerning whether appellant's guilty plea was coerced.

It is so ordered.