**Kenneth BYES, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 19196.**

United States Court of Appeals Eighth Circuit.

Nov. 6, 1968.

Certiorari Denied March 3, 1969.

See 89 S.Ct. 999.

James F. Mauze, St, Louis, Mo., for appellant.

Roger Edgar, Asst. U. S. Atty., St. Louis, Mo., for appellee; Veryl L. Riddle, U. S. Atty., on the brief.

Before MATTHES, MEHAFFY and HEANEY, Circuit Judges.

**PER CURIAM.**

This is an appeal from the order denying defendant's motion for leave to withdraw his plea of guilty.

Appellant Byes was indicted for possessing goods stolen in interstate commerce in violation of 18 U.S.C. § 659. On November 13, 1967, appellant, represented by competent retained counsel, moved to suppress certain evidence. Two weeks later this motion was withdrawn.

On December 18, 1967, appellant personally and through his counsel, withdrew his plea of not guilty and entered a guilty plea. On January 2, 1968, the court sentenced him to three years in the custody of the Attorney General. He filed a *pro se* motion on January 30, 1968, to withdraw his plea of guilty. In support of his motion he alleged: (1) Due to his lack of formal education he did not fully understand the nature and consequences of his guilty plea. (2) His retained counsel, without his consent, withdrew the motion to suppress the evidence and duped him into pleading guilty because appellant was unable to pay the remainder of the fee. (3) FBI agents coerced him into entering a guilty plea by "threats and intimidations of prosecution of non-existent and fraudulent purported cases against defendant" and promises of probation.

The trial court held a brief hearing on the motion on February 2, 1968, at which time appellant's retained counsel was allowed to withdraw, and a new attorney was appointed to represent appellant. A week later, after a full hearing on the motion, the court denied appellant's request for leave to withdraw his guilty plea. Appellant then sought leave to appeal in forma pauperis. This was denied by the district court. Subsequently, we granted appellant leave to appeal in forma pauperis and appointed counsel to represent him.

Under Rule 11, F.R.Crim.P., a defendant may plead guilty, but the court "may not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea." That the district court adhered to the quoted requirement is shown by the following:

"THE COURT: Mr. Byes, before accepting your plea of guilty, you understand that you are charged that on the 23rd day of October, 1967, with

receiving and having in your possession chattels of a value in excess of one hundred dollars that had been stolen and taken from an interstate shipment. These articles were a table, table leaves, table base and a china cabinet. They were traveling from Thomasville, North Carolina, to Scottsdale, Arizona, knowing at the time these had been stolen. Do you understand that?

DEFENDANT BYES: Yes, sir.

THE COURT: You did commit the offense?

DEFENDANT BYES: Yes, sir, I did.

THE COURT: You understand that on your plea of guilty you may be subjected to a penalty of ten years in the custody of the Attorney General and a five thousand dollar fine?

DEFENDANT BYES: Yes, sir.

THE COURT: Has anyone in the Government made any threats or promises to you in order to obtain this plea?

DEFENDANT BYES: No, sir.

THE COURT: It is a voluntary matter on your part?

DEFENDANT BYES: Yes, sir."

■ Rule 32(d), F.R.Crim.P., provides that in order "to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." But a defendant who enters a plea of guilty has no absolute right to withdraw that plea. Verdon v. United States, 296 F.2d 549 (8th Cir. 1961), cert. denied, 370 U.S. 945, 82 S.Ct. 1590, 8 L.Ed.2d 811 (1962); Richardson v. United States, 217 F.2d 696 (8th Cir. 1954). An application to withdraw a plea of guilty is addressed to the sound discretion of the trial court and is reviewable only for an abuse of discretion. Oksanen v. United States, 362 F.2d 74 (8th Cir. 1966); Smith v. United States, 359 F.2d 481 (8th Cir. 1966); Bartlett v. United States, 354 F.2d 745 (8th Cir.), cert. denied, 384 U.S. 945,

86 S.Ct. 1471, 16 L.Ed.2d 542 (1966); Richardson v. United States, supra; Friedman v. United States, 200 F.2d 690 (8th Cir. 1952), cert. denied, 345 U.S. 926, 73 S.Ct. 784, 97 L.Ed. 1357, rehearing denied, 345 U.S. 961, 73 S.Ct. 937, 97 L.Ed. 1381 (1953); Stidham v. United States, 170 F.2d 294 (8th Cir. 1948).

■ Appellant's central theme is that the trial court abused its discretion in limiting the hearing on the motion to withdraw the plea to the promise of probation by FBI agents. We do not agree. There is nothing here that would indicate that appellant was denied the right to present whatever evidence he desired in support of his allegations. On the contrary, he was given every opportunity to do so. The court conducted two hearings on the motion. At the first, appellant offered no evidence to supplement his motion. In response to examination by the court, he stated that his main complaint was that FBI agents had promised him probation.

■ The court then set a later date for a full hearing on the motion. At the later hearing, all FBI agents who had participated in the case were present. Appellant could not identify the agents who he alleged had promised him probation. The only evidence he offered was his own testimony regarding the probation promise. He did not testify or offer any evidence in support of his allegation that he lacked sufficient education to enable him to fully understand the guilty plea and sentencing procedure.

At the end of the hearing, the court stated:

"Mr. Byes, so that there is no mistake in the record about it, frankly, I just don't believe your testimony. And your motion to withdraw your plea of guilty is denied."

The trial court thus found no manifest injustice to correct. Appellant was represented by counsel at every critical stage in the proceedings.

■ On the record before us, we believe that it is clear that: (1) Appellant

voluntarily and understandably entered a plea of guilty, cognizant of all the consequences of that plea. (2) He was afforded a full and fair hearing by the district court on his motion to withdraw his plea of guilty. (3) The court below did not abuse its discretion in denying appellant's motion.

Affirmed.