Thomas Edward YOUNG, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 19838.

United States Court of Appeals,
Eighth Circuit.

March 20, 1970.

Rehearing Denied April 3, 1970.

Certiorari Denied June 22, 1970.

See 90 S.Ct. 2221.

Thomas Edward Young, pro se.

Harold O. Bullis, U. S. Atty., Fargo, N. D., for appellee.

Before MATTHES, GIBSON and LAY, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the United States District Court for North Dakota denying without hearing appellant Young's motion under 28 U.S.C. § 2255 to vacate convictions and sentences imposed upon him in five separate criminal charges.

Young's essential contentions are that his guilty pleas in these cases were not voluntary, that Rule 11, F.R.Crim.P., was not complied with, and that he was not properly informed of the disposition of certain matters under Rule 20, F.R. Crim.P. Furthermore, he contends that at the very least a hearing should have been held to determine the factual accuracy of his allegations.

In 1951 Young pleaded guilty to two separate charges of post office larceny, 18 U.S.C. § 2115, and one charge of interstate transportation of a stolen motor vehicle, 18 U.S.C. § 2312. At the same time other charges were being processed under Rule 20 in connection with indictments outstanding against Young in other federal jurisdictions. In the interim between entering the guilty pleas and being sentenced, Young escaped from custody. While he was a fugitive from justice he was placed on the F.B.I.'s list of 10 most wanted men. He was apprehended many months later and charged with escape from federal custody, 18 U. S.C. § 751, and for the second time was charged with interstate transportation

of a stolen motor vehicle. He pleaded guilty to both of these charges. He was then sentenced on the above five charges to five consecutive terms of five years each.

Young's first contention is that his guilty pleas were not voluntarily entered but rather were induced by promises and expectations regarding the disposition of other charges pending under Rule 20 which were to be handled along with the North Dakota federal charges. Specifically, Young contends that his guilty pleas to the charges of post office larceny and to the original Dyer Act charge were induced by promises made by the U. S. Attorney that other charges outstanding in other federal jurisdictions would be transferred to North Dakota if Young pleaded guilty to the charges filed in North Dakota and that the other charges would be considered in connection with the complaints in North Dakota so that sentences thereon could be made concurrent.

Young also contends that after being charged with escape and with the second Dyer Act violation he was not informed that the government was no longer willing to transfer charges outstanding in other districts under Rule 20 and that his guilty pleas, therefore, were not voluntarily made with knowledge of the consequences.

■ The District Court held that these contentions were substantially the same as ones made in 1957 in another of petitioner's many post-conviction efforts to vacate his convictions and sentences and did not present a new or dissimilar ground for relief which the Court was required to entertain under § 2255. We agree with the District Court on this point.

In the 1957 hearing the District Court held that there was no evidence to support the contention that Young's guilty pleas were not voluntary or that any agreements under Rule 20 were used to coerce Young into pleading guilty. The Court also determined that Young was well aware after having escaped and having been apprehended that the Rule 20 matters were no longer under consideration in the North Dakota District Court and the guilty pleas entered thereafter on the escape and second Dyer Act charge were also voluntarily made with full knowledge of the consequences. No contention was made at that time that the original guilty pleas were not knowingly and voluntarily made or that there had been any breach of an alleged understanding on the contemplated Rule 20 proceedings.

Young's second contention is that Rule 11 was not complied with at any of the arraignments at which he pleaded guilty. Under Rule 11, as it was written and construed in 1951 and 1952, the duty of the judge was to ascertain that a guilty plea was voluntary and was made with an understanding of the nature of the charge and the consequence of the plea. Bartlett v. United States, 354 F.2d 745, 751 (8th Cir.), cert. denied, 384 U.S. 945, 86 S.Ct. 1471, 16 L.Ed.2d 542 (1966). However, as we held in *Bartlett*, 354 F.2d at 751:

> "In considering the question of the sufficiency of the plea, the Court imposing the sentence is entitled to consider all of the information that has been presented to the defendant from whatever source, including his counsel, statements made in open court proceedings, personal knowledge of the defendant, and any other factor that would have any relationship to the plea. No particular rote or ritual need be observed by the trial court. This is especially true when the Court through prior proceedings has become informed of sufficient facts to clearly determine that the defendant is aware of the charges and that the plea is understandingly made." [Citations omitted].

The case of McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) is not applicable to petitioner's motion since it is not to apply retroactively. Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16

(1969). Thus the rule of Bartlett v. United States, *supra*, applies.

██ It is evident from the transcripts that Rule 11 was complied with in its entirety in regard to the guilty pleas entered in answer to the charges of post office larceny and to the first Dyer Act charge. Those pleas were clearly voluntary and were made with an understanding of the charges and of the consequences of the guilty pleas.

Rule 11 was less formally followed in accepting guilty pleas to the escape and second Dyer Act charges. But the records and files show that the District Judge knew that the defendant and his counsel had been fully informed of the charges and of the fact that the Rule 20 matters were not to be considered. The District Judge was also aware that Young had recently pleaded guilty to the first Dyer Act charge and was thus conscious of its contents. Under the rule of Bartlett v. United States, *supra*, the District Court had adequate information to determine that the pleas were voluntarily and understandingly made. The records and files conclusively demonstrated this and no hearing on the matter was necessary.

Judgment affirmed.