Joseph James **BONGIORNO**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 20058.

United States Court of Appeals,
Eighth Circuit.

April 23, 1970.

Joseph James Bongiorno, pro se.

Allen L. Donielson, U. S. Atty., Des Moines, Iowa, and Claude H. Freeman, Asst. U. S. Atty., for appellee.

Before VAN OOSTERHOUT, Chief Judge, and MATTHES and GIBSON, Circuit Judges.

VAN OOSTERHOUT, Chief Judge.

This is a pro se appeal in forma pauperis by Joesph James Bongiorno, here-

inafter called defendant, from order denying his 28 U.S.C.A. § 2255 motion attacking his conviction upon plea of guilty to Count I of an indictment charging him with bank burglary in violation of 18 U.S.C.A. § 2113.

Defendant with three others was indicted on September 14, 1959, on charges of bank burglary and conspiracy to commit bank burglary. All defendants appeared in court with employed counsel, Roy W. Smith, on September 15 and entered pleas of not guilty to each count. On November 13, defendant and two codefendants appeared with employed counsel before the court (Judge Hicklin, now deceased) and withdrew their pleas of not guilty and pleaded guilty to the bank burglary charge. After extensive interrogation of the defendant, and his codefendants, the guilty pleas were accepted by the court and defendant was convicted on the bank burglary charge. The conspiracy charge was withdrawn. On November 19, the defendant was sentenced to twelve years of imprisonment. No appeal was taken from the conviction. A complete record of the plea and sentencing proceeding was before the District Court and is before us.

Defendant in his present § 2255 motion, filed June 25, 1969, alleges that: (1) Defendant's plea of guilty was obtained in violation of his constitutional right to due process and in violation of Rule 11, Fed.R.Crim.P., in that the plea was not made with an understanding of the charge made against him and possible punishment. (2) Defendant did not waive his constitutional right to trial by jury, his privilege against self-incrimination and his right to confrontation by his accusors. The trial court denied the motion without affording defendant an evidentiary hearing, stating his reasons therefore in a well-considered unreported memorandum opinion. The trial court held that the new provisions of Rule 11 added by the 1966 amendment as interpreted in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418, did not apply retroactively to the 1959 conviction. Such position is fully supported by Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16. Rule 11 as it stood at the time of defendant's conviction to the extent here material reads: "The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea was made voluntarily with understanding of the nature of the charge." In interpreting Rule 11 as it stood at the time of defendant's conviction, courts have frequently held that while Rule 11 imposes on the sentencing court the responsibility of making certain that voluntariness and understanding of the nature of the charge exists, there is no requirement that the court enter a formal finding or recitation to that effect and there is no requirement that a particular form or ritual be followed. Bone v. United States, 8 Cir., 351 F.2d 11, 14; Turner v. United States, 8 Cir., 325 F.2d 988, 990; Adkins v. United States, 8 Cir., 298 F.2d 842, 843; United States v. Lowe, 7 Cir., 367 F.2d 44, 45.

In Bartlett v. United States, 8 Cir., 354 F.2d 745, 751, we held that the court in considering the sufficiency of the plea:

"[I]s entitled to consider all of the information that has been presented to the defendant from whatever source, including his counsel, statements made in open court proceedings, personal knowledge of the defendant, and any other factor that would have any relationship to the plea. No particular rote or ritual need be observed by the trial court. United States v. Davis, 212 F.2d 264 (7 Cir. 1954). This is especially true when the Court through prior proceedings has become informed of sufficient facts to clearly determine that the defendant is aware of the charges and that the plea is understandingly made."

Defendant asserts that at least he should have been entitled to an evidentiary hearing upon the voluntariness of his plea. Where the attack upon the voluntariness of the confession is based

upon bald conclusions and where the records made at the arraignment and sentencing affirmatively show the guilty plea to have been voluntary and intelligently made, no evidentiary hearing on voluntariness is required. Johnson v. United States, 8 Cir., 301 F.2d 631; Bartlett v. United States, supra.

■ The trial court in rejecting defendant's contention that he did not understand the nature of the charge and the consequences of entering the plea, states:

"The record, however, shows that the charge in its general nature was stated in descriptive terms by the Assistant United States Attorney in open court. Petitioner was advised of record of the consequences and maximum penalties under the charge. He was represented by a privately retained attorney who was not hesitant of record to interject comments and corrections. No mention was made at any time by petitioner or counsel of lack of competency or understanding.

"The Court has examined the instant motion and records with care and compassion. The cause is one wherein detailed allegations of specific fact are replaced by bald conclusions. This state of the petition is not favored. See Machibroda v. United States, supra [368 U.S. 487] at 489, 495, 496 [82 S.Ct. 510, 7 L.Ed.2d 473]; Wheeler v. United States, supra [8 Cir., 340 F.2d 119]. 'The language of the statute does not strip the district courts of all discretion to exercise their common sense.' See Machibroda v. United States, supra, at 495 [82 S.Ct. 510]."

We agree with the trial court. There can be no doubt on the record before us that the questions asked and answers made in the presence of the court convinced the court that the plea of guilty was voluntarily and intelligently made. Additionally, we find in the transcript the following question by the United States Attorney and response by the defendant:

"MR. WELLS. I understand that your plea of guilty is entered for the sole reason that you in your own mind recognize that you are guilty of count 1 of this indictment as charged and you desire to make a judicial confession in open court of this guilt.

"THE DEFENDANT: Yes."

■ Defendant's second point, to the effect that he did not knowingly and intelligently by his plea of guilty waive his right to a jury trial, his privilege against self-incrimination and his right to be confronted by his accusers, lacks merit. Defendant had been represented by competent employed counsel from the time he entered his plea of not guilty on September 15. At the November 3 hearing, the request for a change in plea to guilty was initiated by defendant's counsel. Obviously the desirability of changing the plea had been discussed by defendant with his counsel. Defendant had previously been convicted of carrying a concealed weapon and of burglary and thus had prior experience with criminal procedure. There can be no reasonable doubt that he knew that he would be convicted upon his plea of guilty if accepted and that there would thus be no jury trial, and that the purpose of the guilty plea was to eliminate the need for a full-scale trial. There has been no violation of defendant's constitutional protection against self-incrimination. He has not been compelled to testify against himself.

We hold that his plea of guilty was voluntarily and intelligently made and the plea dispensed with any necessity for testimony by his accusers. No violation of his right to confrontation is shown.

The court committed no error in overruling defendant's § 2255 motion for vacation of his sentence.

The judgment is affirmed.