**Richard Michael DAY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 20114.**

United States Court of Appeals, Eighth Circuit.

June 30, 1970.

---

Richard Michael Day, pro se.

Bert C. Hurn, U. S. Atty., and Frederick O. Griffin, Jr., Asst. U. S. Atty., Kansas City, Mo., on brief for appellee.

Before MEHAFFY and BRIGHT, Circuit Judges, and HARPER, Chief District Judge.

HARPER, Chief District Judge.

Richard Michael Day, an inmate of the federal penitentiary at Leavenworth, Kansas, appeals pro se from the denial of his motion pursuant to 28 U.S.C. § 2255 to vacate and set aside his conviction and sentence imposed on November 15, 1968.

On September 13, 1968, Day appeared with his retained counsel and entered a plea of guilty to Count 1 of the indictment charging conspiracy in violation of 18 U.S.C. § 371. On November 15, 1968, Day was sentenced to a term of three years' imprisonment to run consecutively with any other sentences he was then serving. On May 7, 1969, Day filed a motion to vacate his sentence and judgment pursuant to 28 U.S.C. § 2255 based on the following assertions: (1) His guilty plea was rendered involuntary because he was under the influence of drugs and, therefore, mentally incompetent at the time of his plea; (2) he was led to believe through the misrepresentation of his counsel that his federal sentence would run concurrently with a prior state sentence; and (3) he entered his plea of guilty because he desired to avoid abuse and cruel treatment to which he was being subjected at the Jackson County Jail. On August 21, 1969, a full evidentiary hearing was conducted before the Honorable Elmo B. Hunter, at which Day was present in person and by appointed counsel.

At the conclusion of the hearing, the District Court denied relief after finding that Day had not sustained his burden of proof on the allegations set out in his petition. The District Court allowed Day to appeal in forma pauperis, but denied his request for the appointment of counsel.

Day claims that the District Court erred in denying relief when there was "substantial testimony" to prove that he was under the influence of drugs, and thus incompetent, when he entered his plea of guilty. Day also contends that the court violated his Sixth Amendment rights by denying his request for appointment of counsel for this appeal.

 Day was represented by counsel at the plea proceedings and at the evidentiary hearing conducted before Judge Hunter. The record before us is full and complete and the primary question presented on this appeal involves a review of the evidence presented at the

hearing. The District Court did not abuse its discretion in denying the request for appointment of counsel to pursue this appeal. The Sixth Amendment right to counsel does not extend to persons seeking post conviction relief. Baker v. United States, 334 F.2d 444, 447 (8th Cir. 1964). (The matter is discretionary and not constitutional.)

■ At the hearing on Day's motion to vacate his judgment and sentence, Day and several witnesses in his behalf appeared pursuant to a writ of habeas corpus ad testificandum. In general, the evidence showed that Day was arrested and incarcerated in the Jackson County, Missouri, jail on June 26, 1968. He was confined in the "B tank" on the twelfth floor of the jail until August 5, 1968. On August 5, 1968, the jail authorities conducted a shakedown and found a syringe and needles in Day's possession and recent needle marks on Day's arms. Consequently, Day was placed in the "hole" for a short time and then on about August 8, 1968, he was put on the fourteenth floor of the jail in segregation where he remained until September 17, 1968. The evidence further showed that Day was a frequent drug user and that he had used drugs since he was about 16 or 17 years old.

With regard to Day's claim that he was under the influence of drugs at the time he entered his plea of guilty, the evidence adduced on behalf of Day does not support such a claim. Day testified that he was 25 years of age and had been using narcotics since 1960. At the time of his arrest in June, 1968, he stated he was using morphine daily. He testified that he took drugs off and on the entire time he was in jail, some of which he had taken to jail with him and some of which he acquired after he was in jail. He suffered withdrawal symptoms from time to time when he couldn't get drugs. Day remembered being in court on September 13, 1968, but he did not remember taking narcotics on that day, or for that matter, on any day close to September 13, 1968.

Robert Louis Griest testified that Day had used drugs in jail, but he did not see Day after June, 1968, until September 17, 1968.

Kenneth V. Smith testified that he was in "B tank" with Day from July 15 until August 5, 1968, and that during that time Day used narcotics every day. He did not see Day after August 5, 1968.

Chester Carl Barber testified that he observed Day using narcotics while both were confined in "B tank". Barber left "B tank" on August 5, 1968, and did not see Day after that date.

Irvin Bruce Cape testified that he helped Day fix packets of narcotics in June, 1968. Cape stated that while he was not in the same cell with Day, he had observed Day using narcotics while both were on the fourteenth floor of the jail.

Robert Wayne Dolan testified that he saw Day use morphine every day of the last two weeks of August and the first week of September, 1968.

The government produced five witnesses: Day's attorney at the plea proceeding, the Assistant U. S. Attorney present at the plea proceeding, the investigator for the Public Defender's Office, the jail warden and the jail nurse. While their testimony was pertinent, and supported the finding that Day was competent to enter a plea of guilty, it would serve no purpose to detail their testimony here. The evidence most favorable to Day totally fails to support the allegations of his petition.

■ The petitioner bears the burden of proof upon each ground presented for relief in a Section 2255 proceeding. Kress v. United States, 411 F.2d 16, 20 (8th Cir. 1969). No witness stated that Day had taken narcotics on the date of his guilty plea or the day before, or on any day sufficiently close to September 13th as to indicate that the plea was thereby affected. Day himself did not state that he had used narcotics on those days. There is no evidence to show that his plea was in any way affected by the use of narcotics.

In addition to the lack of evidence presented by appellant, the transcript of the proceedings on September 13, 1968,

further supports Judge Hunter's finding. The record shows that on that date Day responded intelligently to several questions, demonstrating that he was rationally aware of the proceedings. Judge Hunter inquired whether Day and defendant Dolan were aware of the possibility of a conflict of interest in their representation by the same attorney. Day asked the court what it meant by a "conflict of interest". Judge Hunter explained it to him and Day stated he understood. Day's attorney testified that on the date of the plea, Day was acting normally and seemed to understand the proceedings, as well as being able to communicate with his attorney. The record discloses that Day was attentive and able to cooperate in his defense as well as to understand the proceedings at which he entered his guilty plea. See, Wheeler v. United States, 404 F.2d 252 (8th Cir. 1968).

The findings of the District Court are supported by the evidence. The order of the district court denying appellant's 28 U.S.C. § 2255 motion is affirmed.