**Marcus LaVerne SHERBURNE,
Appellant,**

**v.**

**UNITED STATES of America,
Appellee.**

**No. 19976.**

United States Court of Appeals,
Eighth Circuit.

Nov. 18, 1970.

Jon D. Ivers, Fargo, N. D., on brief for appellant.

Harold O. Bullis, U. S. Atty., Fargo, N. D., on brief for appellee.

Before VAN OOSTERHOUT, ME-HAFFY and LAY, Circuit Judges.

MEHAFFY, Circuit Judge.

Marcus LaVerne Sherburne appeals in forma pauperis from an order of the United States District Court for the District of North Dakota, Southeastern Division, The Honorable Ronald N. Davies, Judge, revoking after a hearing the court's previous order of probation and committing defendant to the custody of the Attorney General for five years. We affirm.

Defendant assigns as error the refusal of the court to grant his request for a change of counsel on the day of the revocation of probation hearing, the refusal of the court to withdraw his plea of guilty and refusal to grant him an additional mental examination.

Originally, on December 16, 1968, defendant had been sentenced to imprisonment for five years on a plea of guilty to a charge of interstate transportation of a forged bank check in violation of 18 U.S.C. § 2314. The execution of this sentence was suspended and defendant was placed on probation for a period of five years, specifically conditioned that he not write checks for any purpose, not use alcoholic beverages in any form and report to the probation officer on the first and fifteenth days of each month during his period of probation.

P. W. Lanier, Jr. was appointed counsel for defendant, and after defendant was removed from the State of Minnesota Mr. Lanier petitioned for a mental examination which was granted. On October 28, 1968 a psychiatric report from the Medical Center for Federal Prisoners at Springfield, Missouri was received which reflected that defendant was competent to stand trial. The trial court ordered a presentence report and in the interim released defendant to the custody of his wife. On December 10, 1968 defendant was sentenced but execution thereof was suspended and defendant placed on probation as hereinbefore mentioned.

Defendant filed another petition for mental examination on September 29, 1969, having been arrested in Nebraska on September 4, 1969 for probation violation. On October 2, 1969 defendant appeared with his appointed counsel for a hearing on his probation violation, and at this time his counsel asked to be relieved stating that he had been informed by defendant that "he no longer wants me to represent him. * * *" The court declined to relieve counsel. At this hearing defendant filed a *pro se* petition to withdraw his plea of guilty which included a request for substitu-

tion of counsel and a motion for mental examination. On the same day defendant filed a *pro se* petition for writ of habeas corpus, making substantially the same claims, and including a petition to withdraw his plea of guilty. The petitions and motions were denied by the court, and after a hearing on defendant's probation violation defendant was committed to the custody of the Attorney General to serve his original sentence.

Defendant is a compulsive bad check writer. His record reveals that such conduct commenced in 1940 and between 1940 and 1956 he was convicted six times upon felony charges. He has had no felony charge since 1956 but has had innumerable misdemeanor charges since that time to the extent that he was unable to obtain employment under his own name. As a result of lengthy incarceration and the great number of charges during this time, defendant acquired the expertise of a "jailhouse" lawyer and he has the uncanny ability to evoke the sympathy of good people who would often arrange for restitution. Evidence and statements presented to the court at the probation hearing by reputable people, including his wife, her family, and his court-appointed attorney as well as William Scott, a well-known attorney in Pipestone, Minnesota, were to the effect that they were firmly of the opinion that, because of his present family situation and the fact that he would not constantly be "on the run," defendant would refrain from issuing bad checks. Unfortunately, these good people were mistaken in their hopes and beliefs. It is undisputed that defendant violated his probation by issuing bad checks. The court sentence carried with it the recommendation that defendant be sent to an institution where he could get psychiatric treatment. When final sentence was pronounced, the court permitted Mr. Lanier to be relieved as counsel, appointed new counsel and granted defendant leave to appeal in forma pauperis.

*Denial of Request for Change of Counsel.*

Both defendant's request for change of counsel and Mr. Lanier's request, based on information he had received from defendant, came on the day of the probation hearing and were refused. We do not meet the problem of whether in a proceeding like this the defendant is entitled to counsel and are aware of the disagreement among the courts as to such right. It is obvious from reading the transcript and record that Mr. Lanier ably and most conscientiously represented defendant throughout his incarceration, prior to trial, during his plea of guilty, upon his application for mitigation of sentence and upon his sentence after probation violation. In his original contact after appointment Mr. Lanier had some difficulty making rapport with defendant due to the latter's attempt to mislead him coupled with his "jailhouse" lawyer's experience. Throughout an eight-month period, however, Mr. Lanier not only evolved a communication with defendant but became greatly interested in his case on a personal basis as indicated by his forceful personal plea at the hearing which resulted in the original probation. Present counsel in his brief states "no attack is being made upon the experience or ability of the appointed counsel." True, when defendant informed Mr. Lanier that he no longer desired his representation, Mr. Lanier did ask to be relieved, but this is certainly a normal reaction by an attorney who never desires to represent any person who does not want him.

■ The law is well settled that a defendant has no right to have new counsel appointed when the request is made on the even of trial. United States v. Leach, 429 F.2d 956 (8th Cir. 1970). In this instance defendant requested a specific attorney, but his right to counsel does not carry with it the right to select a particular lawyer even if the district court felt compelled to appoint new counsel. United States v. Burkeen, 355

F.2d 241, 245 (6th Cir. 1966), cert. denied, 384 U.S. 957, 86 S.Ct. 1582, 16 L. Ed.2d 553 (1966).

In the present case Mr. Lanier was thoroughly familiar with the case, was well qualified and performed his duty in a most conscientious manner. It is settled law that defendant has no right to have new counsel appointed on the day of the trial and thus obstruct and delay orderly procedure of the court. Bowman v. United States, 409 F.2d 225 (5th Cir. 1969); United States v. DiTommaso, 405 F.2d 385 (4th Cir. 1968), cert. denied, 394 U.S. 934, 89 S.Ct. 1209, 22 L.Ed.2d 465 (1969); United States v. Llanes, 374 F.2d 712 (2nd Cir. 1967), cert. denied, 388 U.S. 917, 87 S.Ct. 2132, 18 L.Ed.2d 1358 (1967); Brown v. United States, 105 U.S.App.D.C. 77, 264 F.2d 363 (1959), cert. denied, 360 U.S. 911, 79 S.Ct. 1299, 3 L.Ed.2d 1262 (1959).

Defendant made no meritorious showing of necessity for change of counsel and no error was committed by the district court on this issue.

*Denial of Request to Withdraw Guilty Plea.*

In defendant's petitions for habeas corpus and to withdraw his plea of guilty he urged a combination of incompetency because of mental illness and because of drugs administered while he was in custody. In his appeal he relies only on the latter.

■■ Fed.R.Crim.P. 32(d) provides that a motion to withdraw a plea of guilty after sentence will be allowed only to correct manifest injustice. United States v. Washington, 341 F.2d 277 (3rd Cir. 1965), cert. denied, DeGregory v. United States, 382 U.S. 850, 86 S.Ct. 96, 15 L.Ed.2d 89 (1965); Watts v. United States, 107 U.S.App.D.C. 367, 278 F.2d 247 (1960). A defendant seeking such relief bears the burden of proof and resolution of this issue is within the sole discretion of the trial court, the only question on appeal being whether the discretion was abused. In this case we hold that it was not. Byes v. United States, 402 F.2d 492 (8th Cir. 1968),

cert. denied, 393 U.S. 1121, 89 S.Ct. 999, 22 L.Ed.2d 126 (1969); Oksanen v. United States, 362 F.2d 74 (8th Cir. 1966); Stidham v. United States, 170 F.2d 294 (8th Cir. 1948).

The psychiatric examination reveals that defendant was only administered sleeping pills and tranquilizers. The doctors knew that he occasionally used such medication and prescribed it for him and nevertheless found that he was competent to stand trial. Additional to this, the court was able to observe defendant at the time of his plea and sentence. The intervening time lapse between the plea and sentence furnished defendant plenty of additional time to withdraw his plea. During this time he was in the custody of his wife and there was no proof or substantiation of defendant's last ditch allegation which he now urges. No abuse of the trial court's discretion has been shown.

*Failure to Order Second Mental Examination.*

■■ The presence of some degree of mental illness is not to be equated with incompetency to be sentenced. Hall v. United States, 410 F.2d 653 (4th Cir. 1969), cert. denied, 396 U.S. 970, 90 S.Ct. 455, 24 L.Ed.2d 436 (1969). In the instant case, the court had all the history and information necessary with respect to defendant's mental condition prior to the hearing to determine his competency. There is no record of mental problems between the time of sentence and revocation of probation, and the district court's determination was obviously warranted.

*Fed.R.Crim.P. 11.*

■ The short answer to the dissent bottomed upon Fed.R.Crim.P. 11 as amended in 1966 is that this issue was not raised in the trial before the district court or in the brief to this court. See Chief Judge Matthes' opinion on rehearing en banc in United States v. Pipefitters Local Union No. 562, 434 F.2d 1127 (8th Cir. 1970). Cf. United States v. Spector, 343 U.S. 169, 172, 72 S.Ct. 591,

96 L.Ed. 863 (1952); United States v. Mooney, 417 F.2d 936, 939 (8th Cir. 1969), cert. denied, 397 U.S. 1029, 90 S. Ct. 1280, 25 L.Ed.2d 541 (1970).

■ Defendant's plea was entered in 1968 prior to the decision in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). *McCarthy* is not to be applied retroactively. Halliday v. United States, 394 U.S. 831, 833, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969).

If Rule 11 had been made an issue, then of course the government would have had an opportunity to introduce evidence in rebuttal. A combing of the record however strongly reflects the frivolity of any such attack, if one had been made. It would unduly extend this opinion to go into great detail concerning the record. Suffice it to say that defendant was given consummately fair treatment and his rights meticulously protected. To give him another bite at the apple on an issue he did not raise and thus did not give the government an opportunity to answer could accomplish nothing but would result in a waste of judicial time and government expense which is not warranted on an issue not properly before us.

It is clear that defendant is guilty and that he was competent to enter such a plea after indictment. It is equally clear that he had competent and conscientious legal representation, and we commend Mr. Lanier for his capable effort in defendant's behalf.

The judgment of the district court is affirmed.

LAY, *Circuit Judge* (dissenting).

I respectfully dissent.

I do not deem the record adequate to affirm the trial court's refusal to grant the defendant's motion to withdraw his guilty plea under Fed.R.Crim.P. 32(d). Petitioner alleges that he was under drug medication for a long period of time immediately prior to his plea of guilty. As a result, he asserts that he did not fully understand the nature of the charges or the consequences of his plea and seeks to withdraw his earlier plea.

As the majority opinion acknowledges, the only question on appeal is whether the trial judge abused his discretion in denying the request. The exercise of discretion involves deliberate legal judgment based upon a thorough consideration of all factual circumstances presented. It is true that the trial court observed defendant at the time of the plea and that the defendant was represented by able and competent counsel at the time of his plea. However, at the time the defendant asked leave to withdraw his plea of guilty, no hearing was held to determine the voluntariness of defendant's earlier plea, in terms of his original understanding of the nature of the charges and the possible consequences of his plea. The transcript of the earlier guilty plea proceedings clearly demonstrates that the court did not comply with Fed.R.Crim.P. 11, as amended in 1966. The much too abbreviated hearing reads:

"THE COURT: Now, Mr. Lanier [defendant's counsel] has gone all through this matter,[1] and you are well aware of the fact that you are entitled to trial by jury if you desire it?

"DEFENDANT SHERBURNE: Yes, sir.

"THE COURT: Now, how do you plead to the indictment, guilty or not guilty?

"DEFENDANT SHERBURNE: I plead guilty, your Honor.

"THE COURT: A plea of guilty is received.

"Now, Mr. Sherburne, in entering this plea of guilty, did you do so voluntarily?

---

1. There is nothing in the record to varify that Mr. Lanier informed the defendant of the factual basis of the charge or of the possible maximum sentence involved. An evidentiary hearing would undoubtedly disclose whether Mr. Lanier did this or not. Under Rule 11, it is, of course, the duty of the court to do so.

"DEFENDANT SHERBURNE: Yes, sir.

"THE COURT: And after consultation with your court-appointed counsel, but you decided to do it?

"DEFENDANT SHERBURNE: Yes.

"THE COURT: Purely of your own volition?

"DEFENDANT SHERBURNE: Yes, sir.

"THE COURT: Were you intimidated by anyone?

"DEFENDANT SHERBURNE: No, sir.

"THE COURT: Were you threatened by anyone?

"DEFENDANT SHERBURNE: No.

"THE COURT: Did anyone make any promises to you as to what you might or might not—

"DEFENDANT SHERBURNE: (Interrupting) No, sir."

The record fails to disclose that the defendant was at any time openly informed of the factual nature of the charges or of the possible maximum sentence. Strict enforcement of Rule 11, as interpreted by McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), would require the plea of guilty to be set aside. However, under Halliday v. United States, 394 U. S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969), this rule is to be applied prospectively only. But cf. United States v. Tucker, 425 F.2d 624 (4 Cir. 1970). Under pre-*McCarthy* cases, however, the issue is whether the plea was entered voluntarily *with a full understanding of the nature of the charge and the consequences that would follow.* Compliance with constitutional process has always required that the defendant be given notice of the true nature of the charge. Cf. Smith v. O'Grady, 312 U.S. 329, 334, 61 S.Ct. 572, 85 L.Ed. 859 (1941). As rec-ognized by the American Bar Association's Standards Relating to Pleas of Guilty, the nature of the charge should always be read to the defendant notwithstanding a prior reading of the indictment. Section 1.4(a). Furthermore, the voluntariness of a guilty plea has been successfully challenged in pre-*McCarthy* days where a trial court has failed to inform the defendant of the maximum punishment he might receive. Combs v. United States, 391 F.2d 1017 (9 Cir. 1968); Harper v. United States, 368 F.2d 53 (10 Cir. 1966); Pilkington v. United States, 315 F.2d 204 (4 Cir. 1963). Cf. Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 7 L.Ed. 2d 473 (1962); Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009 (1927).

In a pre-*McCarthy* case, Bartlett v. United States, 354 F.2d 745, 751 (8 Cir. 1966), this court observed in applying old Rule 11:

"The Court must determine 'that the plea was made voluntarily with understanding of the nature of the charge.' *The decisions are uniform in broadly interpreting this provision to mean that the Court must do all it can to reasonably make certain that a plea of guilty represents the free and voluntary act of a defendant who understands the nature of the offense, the charge against him and the consequences of his plea."* (My emphasis.)

The record does not affirmatively disclose that the defendant was informed as to the nature of the charge and the maximum sentence that could be prescribed. It is difficult for me to say under these circumstances that the defendant fully appreciated these matters. Where a petitioner has alleged the involuntariness of a guilty plea in a post-conviction proceeding, and the transcript of the guilty plea proceeding fails to sufficiently disclose the petitioner's understanding in order to judge the plea on the issue of voluntariness, a plenary hearing is necessary to resolve the

question.[2] See Grindstaff v. Bennett, 389 F.2d 55 (8 Cir. 1968). Cf. Sanders v. United States, 373 U.S. 1, 19–21, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); Day v. United States, 428 F.2d 1193 (8 Cir. 1970); Catalano v. United States, 298 F.2d 616 (2 Cir. 1962).

Under the circumstances presented, where the original plea proceedings are not in compliance with Rule 11, I think it incumbent on the trial court, on a motion to withdraw a plea of guilty, to conduct an evidentiary hearing to determine whether defendant fully understood the nature of the charges and the maximum sentence involved. To affirm this judgment is to impermissibly make that determination upon a silent record. Cf. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); Carnley v. Cochran, 369 U.S. 506, 82 S. Ct. 884, 8 L.Ed.2d 70 (1962).

2. If the transcript of the guilty plea proceeding is complete, an evidentiary hearing would not be necessary. Bongiorno v.

United States, 424 F.2d 373 (8 Cir. 1970); Young v. United States, 423 F.2d 677 (8 Cir. 1970).