STATE, RESPONDENT, *v.* HARRINGTON, APPELLANT.

(No. 4,876.)

(Submitted October 27, 1921.  Decided November 23, 1921.)

[202 Pac. 577.]

*Criminal Law—Intoxicating Liquors—Instructions—Commenting on Evidence.*

1. In a prosecution for selling intoxicating liquor, an instruction charging the jury that defendant was on trial for selling a bottle of whiskey "when the witnesses R. and V. [the state's principal witnesses] were present" at defendant's place of business, *held* prejudicially erroneous as commenting upon the evidence and invading the province of the jury, the fact of their presence having been disputed by defendant, thus presenting a question for the jury's determination.

*Appeal from District Court, Yellowstone County; A. C. Spencer, Judge.*

WILLIAM F. HARRINGTON was convicted of violation of the liquor laws and appeals from the judgment. Reversed and remanded.

*Mr. E. E. Enterline* and *Mr. H. C. Crippen,* for Appellant, submitted a brief and argued the cause orally.

*Mr. Wellington D. Rankin,* Attorney General, and *Mr. A. L. Foot,* Assistant Attorney General, for Respondent, submitted a brief; *Mr. Foot* argued the cause orally.

MR. JUSTICE COOPER delivered the opinion of the court.

The defendant was convicted in the district court of Yellowstone county of selling intoxicating liquors in violation of the provisions of Chapter 175 of the Laws of 1917. From the judgment he appeals.

The principal evidence upon the part of the state given by two witnesses, Ryan and Van Wert, was that, together, they went into the defendant's place of business at 1 o'clock on the afternoon of August 13, 1920, and bought two drinks, and by arrangement with the defendant both returned at 8 o'clock in the evening of that day and purchased from him a pint bottle of whiskey. The defendant was a witness in his own behalf and denied both purchases, testifying that he had never seen either Ryan or Van Wert to know them until they were pointed out to him in the courtroom on the day of the trial.

Of the three assignments of error, we need only notice the [1] one presented by the defendant's objection to instruction No. 13, given by the court. He argues that its language assumes that the witnesses Ryan and Van Wert were both at defendant's place of business at the time they fix in their testimony. It reads:

"You are further instructed that the defendant is on trial for selling and disposing of intoxicating liquors alleged to have

been committed on the thirteenth day of August, 1920; that the state has elected to stand upon the evidence of the sale by the defendant of one pint of whiskey about 8 o'clock of the evening of that day, when the witnesses Ryan and Van Wert were present.

"Evidence has been offered and received tending to show other sales of liquor by the defendant on the same day, but you are instructed that such evidence of other sales than the pint of whiskey above mentioned is admitted and received in evidence in this case only for the purpose of showing the intent, guilty knowledge, or motive, in corroboration of the testimony as to the offense charged, to prove the identity of the perpetrator of the crime or to show that the act complained of was a part of a chain or system of crimes, and you are to consider it for no other purpose. But if you believe from the evidence that the defendant sold the pint bottle of whiskey to the witnesses on the evening of the thirteenth day of August, then you should find the defendant guilty of the crime of selling and disposing of intoxicating liquors as alleged in the information."

The attorney general in his brief insists that by the use of the words "when Ryan and Van Wert were present," as they are there employed, the court intended merely to direct the minds of the jury to the sale upon which the state relied for conviction, and that the charge of the court, as a whole, should be given a reasonable and not a strained construction. This is undoubtedly correct in principle. But the court did more than that. It relieved the jury of the necessity of weighing the conflicting evidence touching the presence of Ryan and Van Wert at the defendant's place of business on the occasion relied on by the state. Translated, it tells the jury that at 8 o'clock in the evening of August 13, 1920, Ryan and Van Wert were present in the defendant's place of business because they so testified, and that the state had elected to stand for conviction upon their evidence of a sale, regardless of the testimony of the defendant denying a sale; that they were never in his place of business to his knowledge, and that he had never seen them before the day of the trial, to his recollection. Had the court,

in appropriate words, left that issue for determination by the jury upon this conflicting testimony, we should now be foreclosed by its finding of guilt as charged. The verdict of guilty, however, makes it possible to infer that the jury understood the instruction as we now do, namely, that the testimony given by the two witnesses mentioned was conclusive upon the question of their presence at the defendant's place of business, as they state. A little thought will prove the error to be more damaging to the defendant than at first appears. In the ordinary course of its deliberations, taking the incidents of the transaction in their natural sequence, the first question to be determined by the jury was this: Were Ryan and Van Wert present in person at the defendant's place of business at the time fixed by them? In giving instruction No. 13, so worded, the court itself determined a matter the jury may have considered the turning point in the case, namely, that the two witnesses were in defendant's place of business at 8 o'clock that evening, and thus led them to a conclusion upon the next question for their determination—the sale of the pint of whiskey as they relate it. In this view, the instruction can be construed as meaning nothing less than that Ryan and Van Wert were in defendant's place of business at 8 o'clock on the evening of August 13, 1920, and this may have gone a long way toward inducing the belief that they bought whiskey also. This was a comment upon the evidence, and an invasion of the province of the jury in its endeavor to ascertain the facts. That a court may not do this without depriving the accused of his absolute right to have the question of his guilt or innocence, not only of the particular crime charged, but every material incident included in it, passed upon by the jury, is settled by the decision of this court in *State* v. *Koch,* 33 Mont. 490, 8 Ann. Cas. 804, 85 Pac. 272, and kindred cases.

For these reasons the judgment appealed from is reversed and a new trial ordered.

                                                          *Reversed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES REYNOLDS, HOLLOWAY and GALEN concur.