STATE OF NORTH DAKOTA, Respondent, v. OTTO SCHOCK, Appellant.

(226 N. W. 525.)

Opinion filed July 26, 1929.

*Hugo P. Remington,* for appellant.

*James Morris,* Attorney General, and *A. B. Atkins,* State's Attorney, for respondent.

CHRISTIANSON, J. The defendant was convicted of violating chapter 52, Laws 1915 (§§ 9971a1–9971a3, Supplement to the 1913 Comp. Laws of North Dakota) by making and delivering a check drawn on a bank, without having "sufficient funds in or credit with such bank to meet such check in full upon its presentation." He moved for a new trial upon the ground that the court had misdirected the jury in matters of law. The motion was denied and the defendant appealed. The statute which the defendant is charged with having violated reads as follows:

"Sec. 1 Every person, firm, company, copartnership or corporation who makes or draws or utters or delivers to any person any check or draft upon a bank, banker or depositary for the payment of money, and at the time of such making, drawing, uttering or delivery, has not sufficient funds in or credit with such bank, banker or depositary to meet such check or draft in full upon its presentation, shall be deemed guilty of a misdemeanor and upon conviction thereof shall be punishable by a fine of not to exceed $100 or by imprisonment in the county jail for not to exceed 30 days, or by both such fine and imprisonment.

"Sec. 2. The word 'credit' as used herein shall be construed to be an arrangement or understanding with the bank, banker or depositary for the payment of such check or draft.

"Sec. 3. Whereas, an emergency exists in the fact that there is no adequate provision under the laws of North Dakota for protection against those who issue checks without having funds or without having a reasonable expectation of having funds in the bank when the checks shall be presented for payment, this act shall take effect and be in force from and after its passage and approval." (Laws 1915, chapter 52; Supplement to the 1913 Comp. Laws of North Dakota, §§ 9971a1–9971a3).

Among the instructions to the jury upon which the defendant assigns error is the following:

"The defense of Otto Schock is that at the time he made and executed and delivered this check to Mr. Arntz, that he told Mr. Arntz he had no funds in the bank, and that when he threshed that he would put money there to take care of it, and that Mr. Arntz agreed to hold the check.

"I charge you as a matter of law that that would not constitute any defense under our statute. That under our statute, as the court interprets it, the crime is complete upon the making, uttering and delivery of the check without having any funds there to meet it. And therefore the court advises you that the defendant has failed to establish any defense in this case, and the court further advises you to return a verdict of guilty."

In our opinion the error assigned upon the giving of this instruction is well founded and the error complained of necessitates a reversal. Where, as here, a defendant in a criminal action has interposed a plea of not guilty, the trial court has no authority under our laws to advise the jury to return a verdict of guilty. State v. Barry, 11 N. D. 429, 92 N. W. 809; State v. Moeton, ante, 191, 225 N. W. 318, 319. See also State v. Hazlett, 14 N. D. 490, 105 N. W. 617; State v. Peltier, 21 N. D. 188, 129 N. W. 451.

"The plea of not guilty puts in issue every essential element of the offense charged, and, until this issue is determined, the courts of this state are inhibited, under the statute, from instructing the jury that any essential fact is established; and this is true in a case where no evidence is offered to disprove the fact. The jury has the right to disbelieve and wholly reject the testimony of any witness, whether he is contradicted or not; and when this is done wrongfully the court is powerless, in a criminal case, to set aside a verdict of acquittal." State v. Barry, supra.

The only instance where the trial court is authorized to express an opinion or advise the jury as to what verdict they ought to return is where "after the evidence on either side is closed, the court deems it insufficient to warrant a conviction." In such case the court "may advise the jury to acquit the defendant; but the jury are not bound

by the advice nor can the court, for any cause, prevent the jury from giving a verdict." Comp. Laws 1913, § 10,854.

The instruction is erroneous for another reason. It will be noted that the court instructed the jury "that under our statute the crime is complete upon the making, uttering and delivery of the check without having any funds there (the bank) to meet it." This instruction in effect ignores the provision in the statute which recognizes that the statute does not render it unlawful for a party to draw a check even though he has no funds in the bank, provided he has "an arrangement or understanding with the bank, banker or depositary for the payment of such check." The instruction also ignores the language contained in the third section of the statute which further recognizes that it is not a violation of the statute for a party, to issue a check, even though he has no funds in the bank, provided he has "a reasonable expectation of having funds in the bank when the check shall be presented for payment." The language of the act is not satisfactory. The statute is not couched in that definite language which should be employed in defining a criminal offense. There is some apparent conflict between section one and section three thereof; and while it is true that section three embodies the emergency clause, and that such clause is intended primarily to state the reasons why an act ought to go into immediate effect, yet we do not believe that, in construing this act, we are justified in ignoring the emergency clause. It is a fundamental rule of statutory construction that the function of the court is to ascertain and give effect to the legislative intention as expressed in the law. The act under consideration here is short. It consists of three sections. The third section formed a part of the bill as introduced. It purports to state the object and purpose of the law. While the bill was amended during the course of passage no change was made in section three; that section remains as originally drafted, and is the last expression in the act as to the purpose sought to be accomplished thereby; and that purpose as stated, is in harmony with the general object of the statutes of this nature. See note in 35 A.L.R. p. 384.

The evidence in this case as to the alleged commission of the offense charged consists principally of the testimony of the complaining witness and of the defendant. The complaining witness is a man

named Arntz. He testified that the defendant was indebted to him in the sum of $75.24 upon account; that on October 10, 1927, Arntz went to the farm where the defendant was living and asked the defendant to pay the bill; that the defendant stated that he had no money but would have as soon as he threshed; that thereupon Arntz asked the defendant to give him a check and that the defendant stated in reply that he had no money in the bank; that subsequently and during the same conversation the defendant gave the check in question here to Arntz stating that he would make the check good as soon as he had threshed his 1927 crop. Arntz presented the check to the Bank on which it was drawn on the following Monday and payment was refused.

The defendant testified that when Arntz came to the farm on October 10, 1927, and before the issuance of the check, the following conversation was had:

"He asked me about I owed him some money, and he said if I wished to pay that. I told him I didn't got threshed yet and I didn't got no money to pay up. He said he wanted a check then. I said I didn't got no money in the bank and didn't like to give checks, and he said he is going to keep that check until I got the money. . . .

"He said he going to keep it, but you got to give me a check, I need the money. I told him I don't got it. He said he wanted a check and he would keep it until I got done threshing and I got the money."

The defendant further testified that he received no proceeds out of his 1927 crop; and that he had not had funds with which to pay the check. The undisputed evidence shows that the check was not issued for a present consideration but for an antecedent debt.

As we construe the statute a person who utters or delivers a check does not violate it:

(1) If he has funds in the bank sufficient to meet the check in full upon its presentation or,

(2) If he has made an arrangement or has an understanding with the bank, banker or depositary that the check will be paid, or,

(3) If he has reasonable expectations of having funds in the bank when the check should be presented for payment.

The instructions in this case eliminate from the jury's consideration

the two later propositions. And, as we construe the evidence, the jury might reasonably have concluded that at the time he issued the check the defendant had "a reasonable expectation of having funds in the bank when the check should be presented for payment." The error in the instructions necessitates a reversal. The order appealed from is reversed and the cause is remanded for further proceedings conformable to law.

BURKE, Ch. J., and BIRDZELL, BURR, and NUESSLE, JJ., concur.