STATE, RESPONDENT, v. BAILLARGERON, APPELLANT.

No. 9179.

Submitted October 21, 1952. Decided October 23, 1952.

249 Pac. (2d) 799.

Messrs. Franklin S. Longan and Robert L. Jones, Billings, for appellant.

Mr. Arnold H. Olsen, Atty. Gen., Mr. Charles V. Huppe, Asst. Atty. Gen., Mr. Harry H. Jones, Spec. Asst. Atty. Gen., Mr. Hubert A. Simmons, Jr., Co. Atty., Red Lodge, for respondent.

Mr. Longan, Mr. Robert L. Jones and Mr. Harry H. Jones argued orally.

MR. CHIEF JUSTICE ADAIR:

By complaint filed in a justice of the peace court of Carbon county, it was charged that the defendant Oscar Baillargeron, on or about November 15, 1951, at Rockvale in said county committed the crime of unlawfully driving a truck with an overload on U. S. Highways No. 310 and 12, being a misdemeanor.

The defendant entered a plea of not guilty,—was tried by a jury in said justice of the peace court,—convicted and sentenced to pay a fine of $50. The defendant thereupon took a timely appeal to the district court of Carbon county where the case was tried *de novo* before a jury. At such trial only two witnesses testified for the state, they being Edgar E. St. John and E. L. Cook, both employees of the Montana state highway department.

The state's evidence was to the effect: That on November 15, 1951, the defendant driving a tanker truck and tanker trailer was transporting a load of oil and Diesel fuel from Wyoming destined for Idaho; that upon his arrival at Rockvale in Carbon county, Montana, the defendant's truck and trailer were there weighed on the state highway department's scales, the weighing being done by the witness St. John; that according to such scales, defendant's truck and trailer load was over the basic statutory weight; that the witness St. John called a state highway patrolman who, on the complaint of the witness, arrested

the defendant; that at the time the witness weighed defendant's vehicle and load, he had been employed as a weigher for about a month and a half; that the scales on which he did his weighing are inspected by the state highway department at intervals and that such scales had been so inspected about the first of October.

The defendant was a witness on his own behalf. His testimony was to the effect that he resides at Idaho Falls, Idaho; that by occupation he is a taxitruck driver operating a petroleum transport truck and full trailer; that at the time of his arrest he was operating such truck and trailer and transporting 27,000 gallons of Diesel fuel and 37,000 gallons of No. 1 burner fuel; that according to the scales of the state of Wyoming the registered weight of defendant's truck was 20,920 pounds and of his trailer 10,060 pounds and that said registered weight of defendant's truck and trailer plus the weight of the cargo being transported was 2,000 pounds less than the weight shown by the scales of the state highway department at Rockvale.

The defendant attempted to introduce evidence of a regulation promulgated by the Montana state highway commission to the effect that no truck driver should be prosecuted for the crime of driving an overweight truck unless the weight thereof exceeds the basic statutory weight by 5%, but on objections of the state, such evidence was excluded, whereupon defendant made an offer of proof as to such 5% tolerance, which offer was disallowed by the district court.

Defendant also sought to introduce evidence to the effect that on the afternoon of his arrest his truck, trailer and cargo were weighed on another Montana state highway scale, located at Laurel, some twelve miles distant from Rockvale; that defendant was placed under arrest at about 3:00 o'clock p. m. on November 15th and held in custody by the scale weighmaster St. John and the state highway patrolman making the arrest, until about 8:10 o'clock p. m., when he posted a bond for his appearance in court; that after posting such bond, defendant proceeded with his truck and trailer from the Rockvale weigh-

ing station to Laurel, where, in the presence and with the assistance of one Gilles, the defendant sold and delivered to a Carter Oil service station in Laurel, 130 gallons of No. 1 burner fuel oil, which was taken from the defendant's trailer; that the defendant unloaded the 130 gallons and no more and that he had not unloaded any of his cargo prior to such time; that both the weighmaster and the patrolman had permitted defendant to take his full cargo to Laurel so that he would not have to dump the claimed excess on the ground to be wasted.

Defendant also sought to show by the testimony of the witness Gilles, an employee of said service station at Laurel, that at the time the defendant arrived at Laurel with his load, the valves and nozzles of the truck and trailer were so encrusted with ice that before he was able to unload the 130 gallons of fuel oil, it was necessary to remove large amounts of ice which was done with the aid of a large hammer which defendant borrowed from said service station; that after unloading and measuring the 130 gallons of fuel oil so sold, the defendant immediately proceeded to the scales maintained by the Montana highway department at Laurel, where defendant's truck, trailer and load were weighed; the defendant also sought to introduce evidence to the effect that the weight of his truck and trailer according to the said highway department scales at Laurel plus the said weight of the 130 gallons of fuel oil sold and delivered by him at Laurel was less than the maximum allowable weight so that either the state highway department scales at Rockvale or its scales at Laurel were then measuring inaccurately.

The district court sustained the state's objections to the offered testimony, whereupon the defendant made and placed in the record an offer of proof which offer was rejected upon objections made by the state thereto.

The state's witness E. L. Cook, testified that for some fifteen to eighteen years he had been a scales checker for the Montana state highway department. On cross examination he stated that he was well acquainted with the scales at Rockvale and that

they weighed a little high. On his re-direct examination by the county attorney, the witness Cook testified that the variation in the Rockvale scales was probably due to the condition of the highway at Rockvale and that the variation could run to 500 or 600 pounds or maybe 900 pounds but no more.

The defendant offered to prove by one Carlson, the weigher at the state highway department's weighing station at Laurel, that Carlson had weighed defendant's truck and load and found the gross weight to be 74,870 pounds and that the scales at Laurel had been inspected on November 14, 1951, being the day previous. Such offer of proof was disallowed by the district court.

Following the defendant's testimony and the disallowance of his two offers of proof above mentioned, the defendant rested his case, whereupon the county attorney interposed a motion that the trial court direct the jury to bring in a verdict of guilty against the defendant to which defendant's counsel made timely objection urging that the testimony introduced casts a reasonable doubt as to the weight of the vehicle and cargo as shown by the scales at Rockvale and as to the accuracy of such scales, some of the testimony showing one weight and other testimony showing a different weight. The trial court disallowed defendant's objections, granted the state's motion and instructed the jury as requested. The state's proposed instruction No. 1 reads: ''You are instructed to find by your verdict that the defendant is guilty of the crime charged and that you may fix the fine at not less than $10 nor more than $50, or you may leave the fixing of the fine to the court.''

To the giving of the foregoing proposed instruction, defendant's counsel made objection as follows, viz.: ''The defendant objects to plaintiff's offered instruction No. 1 on the ground and for the reason that it is improper to direct a verdict for the plaintiff on the following grounds: 1. That the evidence as to the weight of the truck is conflicting and that it is for the jury to decide the true weight of the truck. 2. That the conflict of evidence casts a reasonable doubt on the guilt of the defend-

ant and that the defendant is to be presumed innocent until he is proved guilty beyond a reasonable doubt.''

The trial court overruled defendant's objections and gave the state's offered instruction No. 1, whereupon the jury returned a verdict as directed. Such verdict reads: "We, the jury, duly empaneled and sworn to try the issues of fact in the above-entitled case, do hereby find the defendant, Oscar Baillargeron, guilty of driving truck with overload as charged in the complaint and leave his sentence to be fixed by the court."

Following the filing of such directed verdict, the trial court rendered and caused to be entered judgment that the defendant pay a fine of $50 and that if said fine is not paid that he be confined in the county jail of Carbon county, Montana, one day for each $2 thereof until paid. Defendant's motion for a new trial was denied and he has appealed to this court assigning as error the granting of the state's motion that the trial court direct the jury to bring in a verdict of guilty and the giving over defendant's objections, of the state's instruction No. 1, supra.

R. C. M. 1947, section 32-1123, prescribes a limit on the size of motor vehicles permitted upon the public highways and the maximum load allowed to be carried thereon. Section 32-1124 makes the violation of the provisions of the legislative act of which section 32-1123, supra, is a part, unlawful and a misdemeanor.

R. C. M. 1947, section 32-1125, so far as here applicable, provides: "Any person, firm or corporation convicted of a misdemeanor for a violation of any of the provisions of this act shall, for a first conviction thereof be punished by a fine of not less than ten dollars ($10.00) nor more than fifty dollars ($50.00), or by imprisonment in the county or municipal jail for not less than five (5) days nor more than twenty-five (25) days".

The trial court's instruction No. 1 is in direct conflict with the provisions of sections 32-1124 and 32-1125, supra, prescribing the penalty for the offense charged. The penalty prescribed

is fine or imprisonment. This is the law and the jury should have been so informed.

It was error for the court to instruct and direct the jury to return a verdict of guilty. Article III, sec. 23, Constitution of Montana; R. C. M. 1947, sec. 94-7002; State v. Koch, 33 Mont. 490, 495, 85 Pac. 272, 8 Ann. Cas. 804 and note at 808.

The Koch case, supra, is cited and approved in the following cases: State ex rel. Rowe v. District Court, 44 Mont. 318, 327, 119 Pac. 1103; State v. Harrington, 61 Mont. 373, 376, 202 Pac. 577; Pruitt v. State, 37 Ariz. 400, 294 Pac. 629. See State v. Schock, 58 N. D. 340, 226 N. W. 525, 72 A. L. R. 888 and note at page 899; Roberts v. State, 84 Ark. 564, 106 S. W. 952, and Collins v. State, 183 Ark. 425, 36 S. W. (2d) 75 and cases there cited. See also 53 Am. Jur., Trial, p. 325, sec. 407.

We are of the opinion that in the instant case the trial court had no power to direct a verdict; that its instruction No. 1 does not correctly state the law and that in directing a verdict of guilty and in the giving of the court's instruction No. 1 it committed reversible error. Accordingly the judgment of conviction is reversed and the cause remanded to the district court for a new trial in accordance with the views herein stated.

ASSOCIATE JUSTICES BOTTOMLY, FREEBOURN and ANGSTMAN, concur.

MR. JUSTICE METCALF not having heard the oral arguments took no part in the decision.