**STATE of North Dakota, Plaintiff/Appellee,**

v.

**Larry J. HOUN, Defendant/Appellant.**

**Crim. No. 729.**

Supreme Court of North Dakota.

Nov. 21, 1980.

Rehearing Denied Dec. 19, 1980.

Larry J. Houn, pro se.

James R. Johnson, Asst. State's Atty., Mandan, for plaintiff–appellee.

PAULSON, Justice.

Larry J. Houn appeals from a judgment of conviction entered against him by the Morton County Court of Increased Jurisdiction on June 9, 1980. Houn was convicted under § 6 08-16 of the North Dakota Century Code, which prescribes a class B misdemeanor penalty for the issuance of nonsufficient fund (NSF) checks. We reverse the conviction.

Houn is the president of a construction company, L. J. Houn Corporation, which is located in Mandan. On February 8, 1980, Houn issued checks to Wetch Plumbing and Heating and to Northwestern Sales, Inc. [hereinafter "Wetch" or "Northwestern"], as well as to other businesses, for materials which Houn used to construct a home. All of the checks were postdated to February 13, 1980, and the checks were exchanged for lien waivers as required by the Farmers Home Administration. On February 11, 1980, Houn met with officials from the Farmers Home Administration and was paid for all of the services performed by the subcontractors with the exception of those services performed by Northwestern. Northwestern had not completed their services and Houn immediately informed an employee of Northwestern that their check should be held and not presented for payment until all of the work had been completed. Houn did not notify his bank, the State Bank of Burleigh County Trust Company, that payment on the check issued to Northwestern should be stopped; rather, Houn relied upon the assurance of an employee of Northwestern's that the check

would be held and not presented for payment. However, Northwestern presented the check for payment on February 11, 1980.

Wetch deposited its check from Houn on February 15, 1980. The check was written for the amount of $1,613.16, and was deposited in the account held by Wetch with the First Northwestern National Bank of Mandan, which presented the check to the Bank of North Dakota, which, in turn, presented the check for payment from the State Bank of Burleigh County Trust Company on February 20, 1980. Houn's balance in his checking account with the State Bank of Burleigh County on February 20, 1980, was $750.02, and Houn's check which he had issued to Wetch was returned to the Bank of North Dakota because Houn did not have sufficient funds in his checking account to pay the check. At the trial, Leroy Moore, an operations officer at the State Bank of Burleigh County, testified that Houn's check to Wetch would have been paid if Northwestern had complied with Houn's request to delay the deposit of Houn's check to Northwestern.

Northwestern deposited the check on February 11, 1980, despite the fact that the check was postdated to February 13, 1980, and despite the fact that Northwestern had given Houn its assurance that it would not deposit the check until it had completed its duties under the contract. When Houn became aware that Northwestern had deposited its check, he immediately withdrew $700.00 cash from his checking account and paid the money to Wetch on February 25, 1980. Wetch acknowledged receipt of the $700.00 at the trial. Betty Baker, an employee of Wetch's signed a criminal complaint on May 6, 1980, which charged Houn with committing a violation of § 6–08–16, N.D.C.C. Trial was held on June 9, 1980, and Houn was convicted of the crime of issuing a check without sufficient funds under § 6–08–16, N.D.C.C., which provides, in subsection 1 thereof:

6–08–16. *"Issuing check or draft without sufficient funds or credit–Notice–Time limitation–Penalty.*–1. Any person who for himself or as the agent or representative of another, or as an officer or member of a firm, company, copartnership, or corporation makes or draws or utters or delivers any check, draft, or order for the payment of money upon a bank, banker, or depository, and at the time of such making, drawing, uttering or delivery, or at the time of presentation for payment if made within one week after the original delivery thereof, has not sufficient funds in or credit with such bank, banker, or depository to meet such check, draft, or order in full upon its presentation, shall be guilty of a class B misdemeanor. The word "credit" as used in this section shall mean an arrangement or understanding with the bank, banker, or depository for the payment of such check, draft, or order. The making of a postdated check knowingly received as such, or of a check issued under an agreement with the payee that the same would not be presented for payment for a time specified, shall not constitute a violation of this section."

On August 11, 1980, the State filed a motion to dismiss Houn's appeal to this court because Houn's brief did not comply with several rules under the North Dakota Rules of Appellate Procedure. Houn opposed the motion and we granted Houn leave to obtain a transcript of the trial for our review. Houn asserts four defenses to his prosecution under § 6–08–16, N.D.C.C. First, Houn asserts that he did not receive a notice of dishonor of his check as required by subsection 2 of § 6–08–16, N.D.C.C. Houn next asserts that he had a reasonable expectation that he would have sufficient funds in the bank when the check was presented for payment. Houn also asserts that Wetch accepted a $700.00 payment in cash after the check issued to Wetch was dishonored, and that Wetch agreed to extend the time for payment of the balance due on the debt. Finally, Houn asserts that Wetch knowingly received a postdated check. Houn's first argument is without merit, because subsection 2 of § 6–08–16, N.D.C.C., is permissive and not mandatory in nature. Subsection 2 of § 6–08–16

states, in pertinent part: "A notice of dishonor *may* be sent by the holder of the check upon dishonor" [emphasis added]. It is clear that Houn was not entitled to receive a notice of dishonor.

Houn's second contention is that he had a reasonable expectation that he would have sufficient funds in the bank where he held his account at the time the check was presented for payment. In *State v. Schock*, 58 N.D. 340, 226 N.W. 525 (1929), this court held that a person who issued a check without having sufficient funds in his account to pay for the amount of the check did not violate Chapter 52, S.L. 1915 (§§ 9971a1 - 9971a3, Supplement to 1913 Compiled Laws of North Dakota) if at the time the person issued the check the person had "a reasonable expectation of having funds in the bank when the checks shall be presented for payment". The holding in *State v. Schock* was based upon language found in subsection 3 of Chapter 52, S.L. 1915 (§§ 9971a1–9971a3, Supplement to 1913 Compiled Laws of North Dakota), which provided:

> "§ 3.  EMERGENCY.] Whereas, an emergency exists in the fact that there is no adequate provision under the laws of North Dakota for protection against those who issue checks without having funds or without having a reasonable expectation of having funds in the bank when the checks shall be presented for payment, this Act shall take effect and be in force from and after its passage and approval."

Subsection 3 of Chapter 52, S.L. 1915, is no longer a part of North Dakota law. Section 6–08–16, N.D.C.C., is the modern version of the law first enacted in Chapter 52, S.L. 1915. In pertinent part, subsection 1 of § 6–08–16, N.D.C.C., provides that "The making of a postdated check knowingly received as such, or of a check issued under an agreement with the payee that the same would not be presented for payment for a time specified, shall not constitute a violation of this section." This language has replaced the language which the court relied upon when *State v. Schock, supra,* was decided. Houn's reliance upon

the court's holding in *State v. Schock* is misplaced and Houn cannot avail himself of a purported "reasonable expectation" defense under current law.

Houn asserts that Wetch accepted a $700.00 cash payment after the check issued to Wetch was dishonored. It is undisputed that Wetch accepted the $700.00 cash payment. The dispute centers upon whether or not Wetch agreed to extend the time for payment of the $913.16 balance remaining to be paid on the $1,613.16 debt. The records of the case and the testimony at trial do not support Houn's contention. We conclude that Houn's final contention that Wetch accepted a postdated check and that the knowing receipt of the postdated check provided a defense to his prosecution under § 6-08 16, N.D.C.C., is correct. We agree with Houn's contention because Wetch knowingly received a postdated check and § 6 08 16 provides that "The making of a postdated check knowingly received as such . . . shall not constitute a violation of this section". Thus, Houn had a valid defense to prosecution under § 6–08–16, N.D.C.C., and, therefore, the conviction is reversed.

ERICKSTAD, C. J., and PEDERSON, SAND and VANDE WALLE, JJ., concur.