STATE of North Dakota, Plaintiff
and Appellee,

v.

Lucinda Kay STAI, Defendant
and Appellant.

Crim. No. 920.

Supreme Court of North Dakota.

June 30, 1983.

---

Earle R. Myers, Jr., State's Atty., Wahpeton, for plaintiff and appellee; submitted on brief by Ronald W. McBeth, Asst. State's Atty.

George E. Duis, Fargo, for defendant and appellant.

SAND, Justice.

The defendant, Lucinda Kay Stai, on 2 September 1982, pleaded guilty to the charge of issuing a check for $214.00 to Kathy McDaniel without sufficient funds or credit in her account in violation of North Dakota Century Code § 6–08–16. She was sentenced on that charge to 30 days in county jail with all but two days suspended, fined $50.00, and ordered to make restitution on the check to McDaniel. Additionally, her suspended sentence for a prior insufficient funds check[1] violation was revoked and the court imposed a two-day jail sentence on that charge. Thus, Stai's total jail sentence was four days.

Stai had consulted with an attorney before pleading guilty; however, she appeared without counsel at the hearing on 2 September 1982, during which time she pleaded guilty. The court advised her of her rights pursuant to Rule 11, North Dakota Rules of Criminal Procedure, even though she had offered in writing to plead guilty to the charge. In response to a question by the court she stated she understood the nature of the charge. The court ad-

---

1. She explained that a check in the amount of $500.00 had been deposited in the checking account but the maker of the check stopped payment, claiming the work performed was not adequate. (Her husband did general carpentering work and the check was for his services.)

vised her that she was entitled to counsel and, if indigent, the State would provide her with counsel, but she responded that she did not want counsel and wanted to plead guilty. The court imposed its sentence but, because Stai was in the last stage of pregnancy at the time, the imposition of the jail term was delayed until after the baby was born. Later, Stai consulted with her present attorney and moved to withdraw her guilty plea on the grounds that the check in question was a "hold" check given as a postdated check and was given in part payment of a past debt. The motion also asked, in the alternative, for a reduction of the sentence.

At the hearing on the motion the defendant presented only her own testimony and affidavit in support of her position. The State did not cross-examine the defendant nor did it produce any evidence to dispute the testimony of the defendant or her affidavit.

Stai testified that she gave the check, dated 5 June 1982, to McDaniel and asked her to hold it until the middle of the month and that the check[2] was given to reduce a past indebtedness to McDaniel.[3] Stai further testified that the note was given on a Wednesday or Thursday (2–3 June) and the check was issued on the 5th of June. Thus, the check was not a postdated check but, if anything, was a "hold" check.

█ The court suggested to Stai that McDaniel, the payee on the check, submit her views on the "hold" check by letter, but Stai objected on the basis that such procedure would deny her the constitutional right of confrontation. The action of McDaniel, the payee, in presenting the check prior to the middle of the month and then filing a complaint to prosecute, did not militate in favor of Stai's explanation. The burden to present evidence to support a withdrawal of guilty plea rests with the defendant. *State v. Werre,* 325 N.W.2d 172 (N.D.1982). With no other testimony, the court had the responsibility to evaluate the defendant's testimony which could be considered self-serving.

█ Upon a timely motion and by proving that a withdrawal is necessary to correct a manifest injustice, the defendant should be permitted to withdraw his plea of guilty. Rule 32(d), NDRCrimP.

In *State v. Werre,* 325 N.W.2d at 174, we said:

"A defendant seeking to withdraw his guilty plea bears the burden of proof and adjudication of the issue is solely within the trial court's discretion. *Sherburne v. United States,* 433 F.2d 1350 (8th Cir. 1970); *Byes v. United States,* 402 F.2d 492 (8th Cir.1968), *cert. denied,* 393 U.S. 1121, 89 S.Ct. 999, 22 L.Ed.2d 126 (1969); *Oksanen v. United States,* 362 F.2d 74 (8th Cir.1966); *Stidham v. United States,* 170 F.2d 294 (8th Cir.1948). Therefore, on appeal, the only question to be determined is whether or not the court abused its discretion. In *State v. Hamann,* 262 N.W.2d 495, 501 (N.D.1978), we enunciated the following standard:

'In the absence of an abuse of discretion on the part of the trial court, its decision to deny defendant's motion to withdraw her guilty plea will stand.' "

█ The record discloses that the defendant was properly advised by the court and understood the charge against her. In *State v. Storbakken,* 246 N.W.2d 78 (N.D.

---

2. NDCC § 6–08–16 in part provides "... The making of a postdated check knowingly received as such, or of a check issued under an agreement with the payee that the check would not be presented for payment for a time specified, does not constitute a violation of this section." *State v. Houn,* 299 N.W.2d 563 (N.D. 1980). In *State v. McDowell,* 312 N.W.2d 301 (N.D.1981), a case of strict liability, no reference was made to *Houn* because no need existed. In *Houn* reliance was upon the statute for a defense, rather than mens rea.

3. A promissory note dated 2 June 1982 in favor of McDaniel in the amount of $3,000.00, was executed by Mr. Stai. The note originally was for $3,214.70, but presumably because of the check given to McDaniel on 5 June 1982 (the check in question) the figure of $3,214.70 was stricken and the figure of $3,000.00 was entered. The note has since been reduced to judgment.

1976), we said that the whole record is taken into consideration in determining if the defendant was properly informed of the charge against him. In this respect, Stai was involved in a similar charge in 1981. In addition, the record reflects that she had the advice of at least one attorney before pleading guilty.

The United States Supreme Court in *Parker v. North Carolina,* 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 785 (1970), in substance said that a defendant may not withdraw a guilty plea entered in reliance on his counsel's "bad advice" when the advice given is within the range of competence required of attorneys representing defendants in criminal cases.

Prior to that decision the Supreme Court said, in *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 1462, 25 L.Ed.2d 763 (1970), that a petitioner must demonstrate gross error on the part of his attorney in recommending that he plead guilty. No proof to substantiate either one of the above requirements was presented in the instant case.

We do not believe that the trial court is under any obligation to explore with the defendant any or all probable or conceivable defenses that may be raised in favor of the defendant, especially if the defendant is represented by or has the advice of counsel.

After a careful review of the record, we conclude that the trial court had adequate justification in denying the motion to withdraw the plea of guilty and, therefore, did not abuse its discretion. In this respect we note that the defendant's guilt or innocence is not the basic issue involved in an application for leave to withdraw a plea of guilty.[4]

Stai also contended that the lower court erred in denying her motion for court-appointed counsel to represent her on appeal. Stai's motion specifically asked that the court appoint her present counsel to handle the appeal.

In this respect, Stai's petition requesting a court-appointed counsel did not allege that she was indigent or any other factual basis entitling her to court-appointed counsel. Neither was any factual basis demonstrated at the hearing to establish that Stai was entitled to court-appointed counsel. Furthermore, the State's brief to this Court reflects that Richland County has an attorney under contract to act in the capacity of public defender. This was not disputed.

These facts lead us to conclude that the trial court did not err in denying Stai's motion for court-appointed counsel to represent her on appeal.

For the reasons stated earlier, we conclude that the trial court did not abuse its discretion in denying Stai's motion to withdraw her plea of guilty. Accordingly, the denial by the trial court is affirmed.

ERICKSTAD, C.J., and VANDE WALLE, PEDERSON and PAULSON, JJ., concur.

4. North Dakota Century Code § 29–32–01, in part, provides as follows:
"Remedy—To whom available—Conditions.—
"1. Any person who has been convicted of, or sentenced for, a crime and who claims:
. . . . .
d. That there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice;

may institute, without paying a filing fee, a proceeding under this chapter to secure relief."

This section would have been more suitable to the defendant's contentions regarding the check being issued with the understanding it was to be held.