STATE of North Dakota, Plaintiff and Appellee,

v.

Julie Louise OLSON, Defendant and Appellant.

Crim. No. 1069.

Supreme Court of North Dakota.

Aug. 15, 1985.

James F. Twomey, Asst. State's Atty., Fargo, for plaintiff and appellee.

Edward J. Murphy, Fargo, for defendant and appellant.

GIERKE, Justice.

The defendant, Julie Louise Olson, appeals from her conviction, upon a jury verdict, of manslaughter in violation of Section 12.1–16–02, N.D.C.C. We affirm.

■ In essence, the sole issue raised by Julie on appeal is whether or not there is sufficient evidence to support the verdict. The standard of review which this Court employs in cases challenging the sufficiency of evidence to sustain a conviction is well settled:

"We do not weigh or resolve conflicts in the evidence, nor do we judge the credibility of witnesses; those matters are for the trier of fact. We look only to the evidence most favorable to the verdict and the reasonable inferences therefrom to determine if there is substantial evidence to warrant a conviction." *State v. Voeller*, 356 N.W.2d 115, 117 (N.D.1984).

See also, *State v. Hatch*, 346 N.W.2d 268 (N.D.1984).

■ When viewed in a light most favorable to the verdict, the evidence reveals the following sequence of events: On the afternoon of March 18, 1984, Julie, her uncle and aunt, Richard and Bernadine Lisburg, and the victim, Julie's boyfriend, Earl Krueger, congregated at Julie's apartment in Fargo, where they consumed considerable amounts of beer and whiskey. At one point during the conversation, Earl made a derogatory sexually-oriented comment toward Julie which prompted Richard to grab Earl by the shirt or coat collar and to respond to the effect that Earl should not "talk so rotten." After Richard released his grip, Earl, attempting to stand up, fell to his hands and knees and then toppled to his back on the floor where he lay motionless. Julie, who had become angry at Earl, then proceeded to kick him about the head and body. She was not wearing shoes at the time. Following this episode, with Earl still lying motionless on the floor, Richard and Bernadine left the apartment. Later that evening, Julie placed a telephone call to Earl's sister during which Julie stated, "I think I killed Earl. Could you come

over?" The police and an ambulance were summoned to Julie's apartment, and later that evening Earl was pronounced dead.

Julie was charged with the crime of manslaughter, under Section 12.1–16–02, N.D. C.C., for having recklessly caused Earl's death by kicking or otherwise striking him about the head with her feet.

There was undisputed evidence at trial that throughout the evening of March 18, 1984, Julie made unsolicited comments to various police officers and other persons to the effect that she had kicked Earl and that she had killed him. Also, Bernadine testified that she observed Julie "stomping or kicking" Earl about the head and body. The cause of Earl's death, as testified to by Dr. Richard Leech, a neuropathologist, was hemorrhage of the brain resulting from a blow to Earl's head by a blunt object such as a bare foot.

Under our standard of review in cases challenging the sufficiency of the evidence, we assume that the jury believed the evidence which supports the verdict and disbelieved any contrary or conflicting evidence. *State v. Voeller, supra*, at 118. Having reviewed the entire record in this case, we conclude that there is substantial evidence to support the jury's verdict that Julie committed manslaughter. Accordingly, we affirm the judgment of conviction.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and MESCHKE, JJ., concur.