**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Orville LATENDRESSE, Defendant and Appellant.**

**Cr. No. 890285.**

Supreme Court of North Dakota.

Jan. 25, 1990.

Lyle Gregory Witham, State's Atty., Towner, for plaintiff and appellee.

Orville Latendresse, Upham, pro se.

GIERKE, Justice.

Orville Latendresse appeals from a county court judgment which found him guilty of issuing a check without sufficient funds. We dismiss the appeal.

On May 8, 1989, Latendresse issued a $15.00 check to the Morris Bar in Drake, North Dakota. After the check was returned "N.S.F.", indicating non-sufficient funds, Roy Bell, the owner of the bar, signed a criminal complaint against Latendresse. At the August 8, 1989, bench trial, Latendresse was found guilty of issuing a check without sufficient funds.

On August 23, 1989, Latendresse filed with the clerk of the county court a "Motion to Appeal to District Court." This motion was denied by the county court on August 30, 1989, because the appeal was not timely and because the district court was the improper forum for the appeal.

On August 31, 1989, Latendresse filed with this Court an appeal from the August 8, 1989, judgment. On September 20, 1989, this Court remanded this case to the trial court to determine the factual issue of whether there was excusable neglect involved in Latendresse's failure to make a timely appeal. On October 10, 1989, the trial court determined that Latendresse's failure to file a timely appeal was not the result of excusable neglect. This appeal followed.

■ An extension of time to file an appeal based upon excusable neglect is addressed to the sound discretion of the trial court, and the court's determination will not be set aside on appeal absent an abuse of discretion. *Routledge v. Routledge*, 377 N.W.2d 542, 547 (N.D.1985). A trial court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner. *Routledge, supra*, 377 N.W.2d at 547. Rule 4(b), N.D.R.App.P., outlines the time limitation placed upon the filing of an appeal in a criminal case at 10 days. Latendresse's notice of appeal clearly exceeded the time requirements. Latendresse's argument that the sole reason for the delayed filing of his appeal was his reliance on an outdated lawbook is unfortunate, but unpersuasive. Under these facts, we do not find that the trial court acted in an arbitrary, unreasonable or unconscionable manner in not finding excusable neglect. Therefore, we conclude that the trial court did not abuse its discretion and, accordingly, we dismiss the appeal.

Although this appeal is dismissed upon the aforementioned procedural grounds, Latendresse's argument as to the merits of the case would have nevertheless resulted in an affirmance of the lower court's judgment.

■ Latendresse argues that he did not receive a notice of dishonor of his check as required by subsection 4 of Section 6–08–16, N.D.C.C. This argument is without merit. Section 6–08–16(4) states in pertinent part: "A notice of dishonor *may* be mailed by the holder of the check upon dishonor." [Emphasis added.] Thus, it appears that Section 6–08–16(4), N.D.C.C., merely permits, but does not require, a notice of dishonor to be sent. *State v. Mathisen*, 356 N.W.2d 129, 133 (N.D.1984). Therefore, it seems clear that Latendresse was not entitled as a matter of right to receive a notice of dishonor before being criminally charged. *State v. Houn*, 299 N.W.2d 563, 564–65 (N.D.1980).

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.