**CITY OF MANDAN, Plaintiff and Appellee,**

v.

**Steven THOMPSON, Defendant and Appellant.**

**Cr. 890355.**

Supreme Court of North Dakota.

April 12, 1990.

Rodney Allen Danielson (submitted on briefs), Mandan, for defendant and appellant.

Sharon Ann Gallagher (submitted on briefs), Mandan, for plaintiff and appellee.

GIERKE, Justice.

Steven Thompson (Thompson) appeals from a county court judgment finding him guilty of the offense of being a minor in possession of alcohol in violation of Mandan Municipal Ordinance 4–11 (15–01).[1] We affirm.

Thompson and Randy Pittsley (Pittsley) were passengers in a car driven by Dave Emil (Emil). Emil was giving Thompson a ride home from a house party which the three of them had attended. Lieutenant Fischer of the Mandan Police Department observed the vehicle being driven erratically and consequently, he stopped the car. After approaching the vehicle and detecting the odor of alcohol in the car, Lt. Fischer observed a two-liter plastic Coke bottle containing liquid positioned on the floor of the car between the legs of Thompson and Pittsley. Lt. Fischer asked Thompson and Pittsley to hand the bottle, which the parties have stipulated contained alcohol, to him and thereafter conducted a field sobriety test on Emil.

While Lt. Fischer was conducting the sobriety test, Patrol Officer Mike Trygg arrived at the scene to assist Lt. Fischer. Lt. Fischer instructed Officer Trygg to identify the passengers and to issue them citations for being minors in possession of alcohol. Officer Trygg identified the passengers and proceeded to arrest them. At his preliminary hearing, Thompson plead not guilty to the minor in possession charge.

At his bench trial, Thompson testified that he had not consumed any alcohol during the night of his arrest nor had any knowledge of the two-liter Coke bottle in the car until they were stopped by Lt. Fischer. Further, he stated that Lt. Fischer did not conduct any type of test to determine whether he had consumed alcoholic beverages. Finally, Thompson testified that the odor that Officer Trygg allegedly detected was a result of both Emil and Pittsley having consumed alcohol at the house party.

Emil, the driver of the car, testified that while he spoke with Thompson at the party for fifteen to twenty minutes immediately prior to leaving the party, he did not observe Thompson drink any alcohol. Further, Emil testified that he had no knowledge of anyone in the car drinking alcohol and that he was unaware of the two-liter bottle being in the car.

Officer Trygg testified that he detected the odor of alcohol on Thompson's breath. Officer Trygg testified that when he asked Thompson and Pittsley what they had been doing they told him that:

"... they had just come from a party, the three of them together. And they had brought this two liter bottle of coke with alcohol mixed in from the party into the vehicle and they had been driving around passing it between the three of them taking drinks."

However, when Thompson was questioned about the aforementioned statement, he stated that he did not remember saying it.

The trial court judge found Thompson guilty of the minor in possession offense concluding that he believed the City's version of the incident and that he found Thompson's statement that he did not know the bottle was in the car to be "almost unbelievable." This appeal followed.

On appeal, Thompson argues that the evidence was insufficient to sustain the trial judge's finding of guilt. We note

1. Section 4–11 of Chapter 15–01 of the Mandan City Ordinances reads in pertinent part as follows: "Any person under twenty-one years of age purchasing, attempting to purchase, or being in possession of alcoholic beverages ... is guilty of an offense...."

that, in cases challenging the sufficiency of evidence to sustain a conviction, our standard of review is well settled:

"We do not weigh or resolve conflicts in the evidence, nor do we judge the credibility of witnesses; those matters are for the trier of fact. We look only to the evidence most favorable to the verdict and the reasonable inferences therefrom to determine if there is substantial evidence to warrant a conviction."

*State v. Haugen,* 448 N.W.2d 191, 196–97 (N.D.1989) (citing *State v. Olson,* 372 N.W.2d 901 (N.D.1985), quoting *State v. Voeller,* 356 N.W.2d 115, 117 (N.D.1984)).

When reviewing a finding of guilt based on circumstantial evidence, the role of an appellate court is to review the record to determine if there is competent evidence that allowed the trier of fact to draw an inference reasonably tending to prove guilt and fairly warranting a conviction. *State v. Raywalt,* 436 N.W.2d 234, 237 (N.D. 1989) (citing *State v. Jacobson,* 419 N.W.2d 899, 901 (N.D.1988)).

We find ample evidence in the record to support the trial judge's conclusion that Thompson was in possession of alcohol while under the age of twenty-one. Initially, Officer Trygg testified that he detected alcohol on the breath of Thompson. Further, Officer Trygg testified that Thompson and Pittsley had told him that all three of them had been drinking out of the Coke bottle while they were in Emil's car. While we recognize that Thompson and Emil's testimony concerning the incident was contrary, we note that the trial court judge, as the trier of fact, determined the credibility of the witnesses. Because of that, this Court must assume that the trial judge believed the evidence which supports his finding of guilt and disbelieved any contrary or conflicting evidence. *State v. Tranby,* 437 N.W.2d 817, 823–24 (N.D.), *cert. denied,* —— U.S. ——, 110 S.Ct. 128, 107 L.Ed.2d 88 (1989) (citing *State v. Manke,* 328 N.W.2d 799, 805–06 (N.D. 1982)).

After having reviewed the evidence in a light most favorable to the finding of guilt, we conclude that there was substantial evidence to support the trial court judge's finding of Thompson's guilt and accordingly, we affirm the county court's judgment in all respects.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.