**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Orville J. LATENDRESSE, Defendant and Appellant.**

**Cr. No. 900094.**

Supreme Court of North Dakota.

July 31, 1990.

Jeanne L. McLean (argued), States Atty., Bottineau, for plaintiff and appellee.

Orville J. Latendresse (argued), Upham, pro se.

MESCHKE, Justice.

Orville J. Latendresse appealed his criminal conviction for issuing a check without sufficient funds in the bank. We affirm.

Latendresse wrote a $20 check to a bar on May 20, 1989. The bank returned the check unpaid and marked "N.S.F.," indicating non-sufficient funds. On June 28, the bar owner signed a criminal complaint against Latendresse charging violation of NDCC 6–08–16 as it read before a minor amendment effective July 10, 1989. In July, Latendresse paid the check. At a February 1990 trial without a jury, Latendresse was found guilty. The trial court deferred imposition of sentence for six months upon conditions that he not write any bad checks and that he pay the fees and costs. Latendresse appealed.

Latendresse argues that the State of North Dakota caused his "financial shortfall," that he was not given notice of dishonor, that the criminal complaint was not timely executed, and that he made restitution before trial. None of these arguments affect his criminal conviction.

■ Latendresse argues that a court order in another case caused him a loss of funds and, thus, the State was responsible for his lack of funds in the bank. This argument is without merit. A known shortage of funds, for whatever reason, is no excuse for writing a bad check.

■ Once before we decided Latendresse's argument about lack of a notice of dishonor. In *State v. Latendresse*, 450 N.W.2d 781, 782 (N.D.1990), we pointed out that NDCC 6–08–16(4) "merely permits, but does not require, a notice of dishonor to be sent. Therefore, it seems clear that Latendresse was not entitled as a matter of right to receive a notice of dishonor before being criminally charged." (Citations omitted). We concluded that "[t]his argument is without merit." *Id.* It still is.

■ Latendresse argues that the criminal complaint was not timely executed because it was not served on him until October 31, 1989. Part of the statute mandates:

> The criminal complaint for the offense of issuing a check, ... without sufficient funds ... must be executed within not more than ninety days after the dishonor by the drawee of said instrument for nonsufficient funds. The failure to execute a complaint within said time bars the criminal charge under this section.

NDCC 6–08–16(5). The State agrees that the criminal complaint was not served on Latendresse until October 31, apparently because of his illness, but maintains that the complaint was "executed" timely when it was signed and the warrant issued on June 28, 1989.

The pertinent meaning of "executed" is "signed; taking effect immediately; now in existence...." Black's Law Dictionary 509 (5th ed. 1979). We interpret the statute to require that the criminal complaint must be signed and filed within ninety days. In this case, signing and filing was done on June 28, well within ninety days after dishonor of the check. This criminal complaint was timely executed.

 Latendresse argues that the charge should have been dropped because he paid the check before the trial. The State responds that restitution has no bearing on the criminal prosecution. We agree. Latendresse committed the crime when he wrote the check. Restitution does not bar criminal prosecution.

We affirm Latendresse's conviction.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and GIERKE, JJ., concur.