STATE of North Dakota, Plaintiff
and Appellee,

v.

Joel FASCHING, Defendant
and Appellant.

Cr. No. 900156.

Supreme Court of North Dakota.

Oct. 2, 1990.

Wayne D. Goter (argued), Asst. States Atty., Mandan, for plaintiff and appellee.

Vinje Law Firm, Bismarck, for defendant and appellant; argued by Ralph A. Vinje.

MESCHKE, Justice.

Joel Fasching appealed his criminal conviction for issuing a check without sufficient funds. We affirm.

Fasching wrote a check, dated August 10, 1989, to Mandan Standard for $64.73. The check was twice returned unpaid for insufficient funds in Fasching's bank account. In October 1989, the owner of Mandan Standard signed a criminal complaint against Fasching for violating NDCC 6–08–16(1) by issuing a check without sufficient funds.

At a trial without a jury, Fasching was found guilty. He was fined, ordered to make restitution, and sentenced to 20 days in jail. Fasching appealed.

Fasching argues that the state failed to prove the nonexistence of a defense that the check was postdated. See NDCC 12.1–01–03(1), (2), and (3). Fasching urges the defense in NDCC 6–08–16(3) that "[t]he making of a postdated check knowingly received as such, or of a check issued under an agreement with the payee that the check would not be presented for payment for a time specified, does not violate this section." See State v. Houn, 299 N.W.2d 563 (N.D.1980). He points to a notation, "10–20–89," written in different ink on the memo line in the lower left of the check as evidence of postdating "sufficient to raise a reasonable doubt."

■ The State responds that the evidence negated knowing receipt of a postdated check. The owner of the Mandan Standard station testified that he and Fasching had no credit arrangement, that the station's employees were instructed not to accept postdated checks, and that the notation was meaningless to him.

■ Fasching's argument relies upon the threshold evidentiary standard for a requested instruction in a jury case. See State v. Thiel, 411 N.W.2d 66 (N.D.1987). But, the standard for reviewing evidence after a conviction is different. To successfully challenge the sufficiency of the evi-

dence on appeal, a defendant must show that the evidence, when viewed in the light most favorable to the verdict, permits no reasonable inference of guilt. *State v. Jacobson*, 419 N.W.2d 899, 901 (N.D.1988). We do not resolve conflicts in the evidence, nor do we weigh the credibility of the witnesses. *City of Mandan v. Thompson*, 453 N.W.2d 827 (N.D.1990). The trial court weighed the evidence and found Fasching guilty.

The station owner testified that the check was not knowingly received as postdated. It was properly dated in the usual place. No evidence explained the cryptic notation. We conclude that the evidence sufficiently negated the existence of any postdating defense.

We affirm Fasching's conviction.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and GIERKE, JJ., concur.