2002 ND 163

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Andre JONES, Defendant and Appellant.**

**No. 20020104.**

Supreme Court of North Dakota.

Oct. 15, 2002.

Richard E. Edinger, Fargo, ND, for defendant and appellant.

Wade L. Webb, Assistant State's Attorney, Fargo, ND, for plaintiff and appellee.

NEUMANN, Justice.

[¶ 1] Andre Jones appeals the trial court's denial of his motion to extend the time to appeal. We affirm.

[¶ 2] On November 28, 2001, the State petitioned to revoke Andre Jones's probation. At the revocation hearing on February 4, 2002, the trial court ruled Jones had willfully violated conditions of probation. The trial court revoked Jones's earlier sentence and resentenced him to five year's imprisonment. The trial court did not inform Jones of his right to appeal and his

right to the assistance of court-appointed counsel. Jones filed a notice of appeal on February 27, 2002, and the State moved to dismiss the appeal because it was untimely. Jones moved to extend the time to appeal, under N.D.R.App.P. 4(b)(3) and N.D.R.Crim.P. 37(b)(3), arguing excusable neglect because Jones was not informed of his right to appeal by the trial court. The trial court denied the motion, stating Jones did not have to be notified of such right. Jones appeals.

[¶ 3] Jones argues the trial court was required to notify him of his right to appeal the revocation of his probation and its failure to do so constituted excusable neglect. Jones maintains that because of the excusable neglect, the late filing of his notice of appeal on February 27, 2002, was within the extra thirty-day period allowed under the North Dakota Rules of Criminal and Appellate Procedure and the filing was therefore timely.

[¶ 4] In the case at bar, we are asked to determine whether excusable neglect exists to extend the time to appeal when the trial court did not inform the defendant of his right to appeal the order revoking probation.

[¶ 5] A trial court has sound discretion in deciding a motion for an extension of time to file an appeal based on excusable neglect. *State v. Latendresse*, 450 N.W.2d 781, 782 (N.D.1990). We review a trial court's decision on a motion to extend the time to file an appeal for an abuse of discretion. *Id.* A trial court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner. *Id.*

[¶ 6] In a criminal case, a defendant's appeal "must be filed with the clerk of the trial court within ten days of the entry of the judgment or order appealed from." N.D.R.App.P. 4(b); N.D.R.Crim P. 37(b).

The ten-day period for filing a notice of appeal may be extended by the trial court for an additional thirty days upon a showing of excusable neglect. N.D.R.App.P. 4(b)(3); N.D.R.Crim.P. 37(b)(3). After sentencing in a case that has gone to trial, a trial court "shall advise the defendant of the defendant's right to appeal...." N.D.R.Crim.P. 32(a)(2). After a probation revocation hearing, a trial court "may revoke an order suspending a sentence or an order suspending the imposition of a sentence, or continue probation on the same or different conditions, as the circumstances warrant. A record of the proceedings must be made." N.D.R.Crim.P. 32(f).

[¶ 7] A showing of excusable neglect is required before a trial court may grant an extension of the time for appeal. *State v. DuPaul,* 527 N.W.2d 238, 243 (N.D.1995) (stating a party must show that unique or extraordinary circumstances caused that party to not file a timely notice of appeal); N.D.R.App.P. 4(b)(3); N.D.R.Crim.P. 37(b)(3). Jones, however, failed to submit affidavits or evidence to the trial court setting forth any excusable neglect on the part of the defendant or his counsel. Jones's only argument to the trial court was it was error for the trial court not to have advised the defendant of his right to appeal the revocation of his probation. While Rule 32(a)(2), N.D.R.Crim.P., which controls sentencing and judgment after trial, requires the trial court to advise the defendant of a right to appeal, Rule 32(f), N.D.R.Crim.P., which controls revocation of probation, does not require a trial court to do so. N.D.R.Crim.P. 32(f). Because nothing in Rule 32(f), N.D.R.Crim.P., requires the trial court to advise a defendant of the right to appeal at a revocation hearing, we conclude the trial court's failure to do so does not constitute "excusable neglect." In the complete absence of any showing of excusable neglect, the trial court's denial of Jones's request for an extension was not an abuse of discretion. *DuPaul,* 527 N.W.2d at 243. The trial court's denial of Jones's request for an extension of time to file a notice of appeal is affirmed.

[¶ 8] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.